354 So.2d 266 (1978)
Edgar M. WILLIAMS
v.
STATE of Mississippi.
No. 50116.
Supreme Court of Mississippi.
January 25, 1978.
*267 J.W. Kellum, Sumner, for appellant.
A.F. Summer, Atty. Gen., by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Murder conviction and life imprisonment sentence resulted from trial of Edgar M. Williams (defendant, appellant) in the Circuit Court of the First Judicial District of Tallahatchie County. As grounds for a new trial, it is argued that the trial court committed reversible error in (1) admitting into evidence photographs of the victim's body, (2) granting state's instruction No. 4, and (3) refusing to grant certain defense instructions. We reverse.
Testimony indicates that the defendant was an employee of a drug store in Charleston, Mississippi. During late afternoon, December 19, 1974, he went from the drug store to a nearby hardware store where he obtained a 12-gauge automatic shotgun which he loaded. He promptly returned to the drug store and fatally shot a coemployee, Reardon. While shooting Reardon, the defendant stated: "I am going to put an end to this kidding me about bird hunting... ." Present was one Aultman (owner of the drug store) who, after hearing the statement and witnessing the shooting, asked the defendant if he realized what he had done. Answer of the defendant was affirmative. The arresting officer, Campbell, testified that at the time he arrested the defendant it was stated by the defendant that "they pushed me too far." Asserted by the defendant as his defense was the proposition that he was insane at the time of the killing.
Admitted into evidence over objection were photographs and x-rays of the body of the deceased. At the time these items were introduced, the corpus delicti and identity of the deceased had been well established by the state's witness, Dr. A.W. Hulett. Dr. Hulett said he examined John Reardon's body at the hospital emergency room and "determined that the cause of death was due to a gunshot wound of the chest." The shooting of the deceased by appellant was not denied or contradicted in any manner. Although considerable discretion is vested in trial judges as to the admissibility of photographs of the corpse of a homicide victim, such items can have no probative value upon a record such as this where the killing is not disputed in any respect. Standing alone, admission of the photographs and x-rays might not constitute reversible error, but at retrial the items should not be admitted upon a similar record.
WAS STATE'S INSTRUCTION NO. 4 ERRONEOUSLY GRANTED? This instruction was:
The Court instructs the jury that the jury itself is not deprived of the right to use common sense or of applying the lessons of human experience in resolving the question of whether the defendant had or had not appreciated the nature and consequences of his act and did or did not know that it was wrong, and that even though there is an expert opinion of a psychiatrist, his opinion is not conclusive on that issue. (Emphasis added.)
We think that upon this record the granting of this instruction constitutes reversible error, notwithstanding it may be said to be a correct statement of law in abstract form. In the state's brief the statement is made that "the county attorney noted that the instruction was drawn verbatim from the case of Smith v. State, 245 So.2d 583, 585 (Miss. 1971), wherein the Court said:
... . It was the prerogative of the jury, and it was its duty, to consider *268 all of this evidence. The jury was not deprived of the right to use common sense or of applying the lessons of human experience in resolving the question of whether the appellant had or had not appreciated the nature and consequences of his act and had or had not known that it was wrong. The expert opinions of the psychiatrists were not conclusive upon that issue.

The state also cites the case of Herron v. State, 287 So.2d 759 (Miss. 1974), and Saucier v. State, 328 So.2d 355 (Miss. 1976), but upon inspection of our decision in Smith v. State and the other cases, we note that the instruction was not drawn verbatim from any of the cases. In the instruction as given, there has been added the language "even though" which amounts to a comment on the weight of the evidence with reference to the expert opinion of the psychiatrist. "Even though" certainly would logically give to the jurors the impression that in this particular case the psychiatrist's opinion was, in the judgment of the court, worthy of little if any consideration at all.
We do not say that in every case the granting of the instruction complained of would be reversible error. The vice of the instruction here is most significant in view of the record which showed that the staff at Mississippi State Hospital at Whitfield diagnosed the appellant as having "the diagnosis of Schizophrenia, Paranoid Type. This means that he is suffering from a serious mental illness, and will need to remain in the hospital, for further treatment." This diagnosis was made February 6, 1975, after which appellant was placed on medication. Then on January 28, 1976, having had almost a year of medication in Whitfield, appellant was evaluated by a split vote (three staff members abstained) of the hospital staff as "competent to stand trial" with instructions that he remain daily on his prescribed medication (Mellaril and Stelazine). At trial, Psychiatrist Dr. Donald C. Guild testified that schizophrenia is a severe "mental illness... ." Dr. Guild also testified that he did not believe that at the time of the alleged crime the appellant possessed "criminal responsibility." Hardly any evidence in the record contradicts Dr. Guild's opinion that the appellant lacked criminal responsibility on the date of the offense. Several witnesses testified in behalf of the appellant, including a nurse, that he did have serious mental problems. The nurse said that something was "psychiatrically" wrong with Ed. His cousin said that he would put appellant "in the insanity class." Others gave similar testimony and stated that he seemed to think that his friends were "turning against him." One witness testified that appellant "thought everybody was against him. That he was head of the Mafia."
One of the last things appearing in the record is an order signed by the circuit judge ordering that the appellant again be admitted to the Mississippi State Hospital at Whitfield for further psychiatric treatment while awaiting appeal to the Supreme Court. Upon this record, the language of State Instruction No. 4 amounted to an improper comment on the weight of the evidence, and was misleading. Because of this error, appellant is entitled to another trial. Other propositions argued do not merit discussion.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, LEE and BOWLING, JJ., concur.