## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-KA-02448-SCT

*KEVINE DALE PARKS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/2004 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WAYNE O. LEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSE B. SIMO |
| DISTRICT ATTORNEY: | JOYCE I. CHILES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/25/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Kevine Parks appeals from his conviction in Washington County Circuit Court of

aggravated assault and sentence of twenty years in the custody of the Mississippi Department

of Corrections.  We affirm.

### FACTS

¶2.     Lolita Thompson and Parks had dated just over one and one half years.  Two weeks

after the end of their relationship, Thompson, then a student at Mississippi Delta Community

College, was approached by Parks as she was leaving class.  Thompson testified that Parks

hit her and forced her into her car. Parks repeatedly hit Thompson in the face and body as he drove her away from the college, and, by use of force, prevented any escape attempts by Thompson. Parks was assisted in his attack by his cousin, Eric Haslett. Thompson's ordeal continued until Parks was pulled over by Narcotics Agent Rick McDaniel of the Washington County Sheriff's Department after he saw the two struggling. Thompson was taken to a local hospital for evaluation and treated for extensive bruises and injuries to her face and head. Parks was arrested and charged with kidnaping and aggravated assault.

¶3. At trial, the State offered photographs of Thompson's injuries, the testimony of hospital staff that Thompson's injuries were the result of serious physical trauma, the testimony of an adverse witness against Parks, Thompson's own testimony against Parks, and even letters written by Parks to Thompson wherein he all but confessed to the crime and offered Thompson money to drop the charges against him. The State rested, and Parks produced no witnesses or evidence in his defense, but moved for a directed verdict or a mistrial which were denied. After jury instructions were given, the jury deliberated and returned a guilty verdict on the charge of aggravated assault. The jury, however, was deadlocked as to the issue of kidnaping, and the circuit court declared a mistrial as to that charge. Parks was sentenced to twenty (20) years in prison for his conviction of aggravated assault.

## ISSUES

### I. Denial of Motions for Directed Verdict and Judgment Notwithstanding the Verdict.

2

¶4. Parks contends the circuit court erred when it denied his motions for a directed verdict and for a judgment notwithstanding the verdict because he was indicted for striking Thompson with his fists and not attempting to strangle her. Parks contends he should have been convicted of simple assault under Miss. Code Ann. Section 97-3-7(1) instead of aggravated assault under Miss. Code Ann. Section 97-3-7(2) and alleges there was insufficient evidence to sustain a conviction of aggravated assault because he used no deadly weapon in the commission of his assault on Thompson. In *Jackson v. State*, 594 So. 2d 20, 23 (Miss. 1992), we stated that a violent and aggravated assault with one's fist may be encompassed by the statutory words of Miss. Code Ann. Section 97-3-7(2)(b) "or other means likely to produce death or serious bodily harm." This holds true even if one's hands cannot be said to constitute a deadly weapon.

> It is not necessary under § 97-3-7(2)(b) that the use of hands and fists constitute the use of a "deadly weapon;" rather, it is enough if their use constitutes a "means likely to produce [either] death or serious bodily harm." Nor is it necessary under this section for the State to prove the victim suffered "serious" bodily injury. Mere "bodily injury" is sufficient so long as it was caused with "other means likely to produce death or serious bodily harm."

*Id*. Accordingly, Parks's assertions to the contrary are without merit.

¶5. The proof in support of the State was overwhelming. The State produced a number of witnesses who testified as to Thompson's injuries and their knowledge that Parks was the individual who inflicted those injuries. The victim gave a compelling account of the events surrounding her abduction and assault; medical officials verified that Thompson had indeed been ferociously assaulted; and other witnesses were able to place Parks in the presence of

3

Thompson during the time she received her injuries. After viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See **Bush v. State***, 895 So. 2d 836, 843 (Miss. 2005). As such, we find the circuit court did not err when it denied Parks's motions for directed verdict and judgment notwithstanding the verdict.

**II. Weight of the Evidence.**

¶6.     Parks also argues that his conviction was against the overwhelming weight of the evidence. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we sit as a "thirteenth juror" reviewing the evidence in the light most favorable to the verdict, and we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. *Id*. at 844-45. Apparently, Parks's trial strategy was to cast doubt on the State's witnesses and evidence. Considering the amount of testimony and evidence presented by the State, we cannot say that the verdict of the jury was contrary to the weight of the evidence before it. *Id*. Accordingly, Parks's argument is without merit.

**III. Whether the Circuit Court Erred in Refusing to Declare a Mistrial.**

¶7.     Parks next asserts that the circuit court erred in denying his motion for a mistrial. Parks's motion was based on the testimony of Dr. Allen Billsby. Dr. Billsby testified as to the injuries sustained by Thompson and the force required to inflict such injuries. Dr. Billsby's testimony that the "considerable force" used to inflict Thompson's injuries would

be enough to possibly cause death was excluded by the circuit court. While the court did not grant a mistrial, it did give a cautionary instruction to the jury concerning the excluded portion of Dr. Billsby's testimony. Parks argues that Billsby's testimony warranted a mistrial.

¶8. This Court reviews motions for mistrial under an abuse of discretion standard. *Tate v. State*, 912 So. 2d 919, 932 (Miss. 2005). The trial court must declare a mistrial when there is an error in the proceedings resulting in substantial and irreparable prejudice to the defendant's case, however, the trial judge is permitted considerable discretion in determining whether a mistrial is warranted because the judge is best positioned to measure the prejudicial effect. *Id*. (citing *Gossett v. State*, 660 So. 2d 1285, 1290-91 (Miss. 1995); *Roundtree v. State*, 568 So. 2d 1173, 1178 (Miss. 1990)). In the present case, while the comments of Dr. Billsby may be of some concern, the circuit court judge took the appropriate steps to ensure that the witness's comments would not be considered by the jury when he issued a cautionary instruction to the jury to disregard part of the witness's testimony. We have held that, generally, a judge's directions to a jury to disregard the comments of a witness will sufficiently alleviate the prejudicial effects of such comments. *King v. State*, 580 So. 2d 1182, 1189 (Miss. 1991). *See also Dennis v. State*, 555 So. 2d 679, 680 (Miss. 1989); *McFee v. State*, 511 So. 2d 130, 135-36 (Miss. 1987); *Weaver v. State*, 497 So. 2d 1089, 1094 (Miss. 1986); *Johnson v. State*, 477 So. 2d 196, 210 (Miss. 1985). Parks has not shown that Dr. Billsby's excluded testimony was of a sufficient prejudicial nature to warrant

a mistrial after the circuit court's cautionary instruction, and we do not find that the circuit court erred in denying Parks's motion for a mistrial.

**IV. Whether the Circuit Court Erred in Allowing the State to Call Eric Haslett as an Adverse Witness.**

¶9.    Parks next argues that the circuit court erred when it allowed the State to call Eric Haslett as an adverse witness because, Parks reasons, Haslett was neither qualified as an adverse witness, nor did the State tender Haslett as an adverse witness.  Generally, the decision to allow leading questions rests within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion.  *McFarland v. State*, 707 So. 2d 166, 175 (Miss. 1998).  We have held that when determining whether a witness is identified with an adverse party for purposes of allowing leading questions under Mississippi Rule of Evidence 611 (c)[1], the trial court should "determine from the facts and circumstances of the case whether the witness proposed to be called is one who is identified with the adverse party within the meaning and contemplation of the rule." *Neal v. State*, 805 So. 2d 520, 526-27 (Miss. 2002) (citing *Harris v. Buxton T.V., Inc.*, 460 So. 2d 828, 833 (Miss. 1984)).  In the present case, Haslett, Parks's cousin, was treated as one identified with an adverse party.  While Parks may be correct that Haslett was never charged for the crimes

---

[1]Mississippi Rule of Evidence 611 (c) reads as follows: "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily, leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions."

committed against Thompson, that does not change the familial relationship between Haslett and Parks or Haslett's minimal involvement in the events leading to the present case. These two factors alone could easily place Haslett in the category of a witness "identified with an adverse party" within the meaning of M.R.E. 611 (c). Parks has not shown that by allowing the State to use leading questions in its direct examination of Haslett the circuit judge abused his discretion. Accordingly, Parks's assignment of error is without merit.

## CONCLUSION

¶10. Because Kevine Parks has failed to bring to the attention of this Court any errors warranting remand or reversal of any part of his trial or sentence, we uphold the verdict and sentence of Parks.

¶11. **CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF COURT COSTS IN THE AMOUNT OF $284.00 AND A BOND FEE IN THE AMOUNT OF $200.00, AFFIRMED.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**