939 So.2d 842 (2006)
Marvin Sinatra SANDERS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00068-COA.
Court of Appeals of Mississippi.
October 10, 2006.
*843 Johnnie E. Walls, Jr., Greenville, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., BARNES, and ISHEE, JJ.
*844 MYERS, P.J., for the Court.
¶ 1. On August 19, 2004, Marvin Sinatra Sanders was found guilty of two counts of capital murder and one count of aggravated assault in the Circuit Court of Coahoma County. Sanders received a sentence of two terms of life imprisonment without the possibility of parole for the capital murder charges, and a twenty year sentence for the charge of aggravated assault, all to run consecutively.
¶ 2. Sanders then filed a motion for a judgment notwithstanding the jury verdict or, in the alternative, a new trial, which the trial court overruled on August 30, 2004. Thereafter, Sanders timely filed his motion for appeal and his notice of appeal in forma pauperis. The circuit court granted Sanders' motion and appointed Honorable Johnnie E. Walls, Jr., to continue the representation of Sanders in his appeal. Subsequently, Walls filed a brief summarizing the case's procedural and factual history, complete with citations to the record, certifying that after scouring the record thoroughly he found no arguable issues supporting Sanders' appeal in conformity with our supreme court's ruling in Lindsey v. State, 2003-KA-00331-SCT, 939 So.2d 743, 2005 WL 613396 (Miss. Mar. 17, 2005). Additionally, Walls addressed several potential arguable issues that Sanders might have possibly raised on appeal as a pro se litigant, but correctly concluded that each issue was without merit and advised Sanders of his right to file a pro se brief.
¶ 3. Aggrieved, Sanders timely filed a brief on his own behalf and now appeals the following issues:
I. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY JUDICIAL MISCONDUCT.
II. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY PROSECUTORIAL MISCONDUCT.
III. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY THE INTRODUCTION OF INFLAMMATORY PHOTOGRAPHS.
IV. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY THE COURT ALLOWING AN IN-COURT IDENTIFICATION RESULTING FROM A PRIOR MISIDENTIFICATION.
V. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 4. Finding no reversible error, we affirm the judgment of the circuit court.

FACTS
¶ 5. In the late evening hours of October 3, 2003, Vester Mae Triplett was operating her small neighborhood grocery store located on Miles Road in the Roundway Community near Clarksdale, Mississippi, which was equipped with guest tables, game machines and a pool table. At that time, Triplett's brother's residence was located approximately one hundred yards from her store. On some occasions, including the night of October 3, 2003, Triplett catered to adults who shot pool, gambled and had a few drinks. On this evening, Triplett and several others, including Johnny Scott and Marvin Sanders were participating in a craps game.
¶ 6. Sanders, a long-time resident of the small community, arrived at Triplett's store at approximately 10:00 p.m. While at Triplett's store, Sanders drank beer and gin and was losing in the craps game. Sanders apparently ran out of money during the game and twice borrowed money from other players. Testimony at trial indicated that Sanders was upset about *845 losing and stated, "I'm gonna get my `F' money back, my mother `F' money back." Shortly before midnight Sanders left. Only Triplett and Scott remained in the store. At approximately midnight Triplett saw Sanders stop his car in the middle of the road in front of her store for a short time, then pull off. Shortly thereafter Triplett began preparing to close the store and depart. While Triplett and Scott were preparing to leave, Sanders returned to the store, fatally shot Scott in the back of the head, and demanded money from Triplett. At this point, Triplett saw through the window another person enter the parking lot of the store, exit his running vehicle, and proceed toward the front door of the store. After Triplett handed Sanders the money and pleaded for her life, Sanders shot Triplett in the face and she fell to the floor. As Triplett lay on the floor, Brandon Lott unknowingly walked into the store and was immediately shot and killed by Sanders, his body left lying in the doorway. After Sanders left, Triplett then pulled herself from the floor, found her keys, walked over the body of Lott to reach her van in the parking lot of the store. She then drove to her brother's nearby residence and blew the horn for attention. Triplett's brother called 911 and waited until the ambulance arrived. Triplett identified the shooter, both at that time and later in open court, as Marvin Sanders, whom she had attended high school with and had known for more than fifteen years.

LEGAL ANALYSIS
I. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY JUDICIAL MISCONDUCT.
II. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY PROSECUTORIAL MISCONDUCT.
¶ 7. These two issues are combined as they arise under the same standard of review and are governed by the same facts. Sanders cites several instances that he characterizes as judicial and prosecutorial misconduct. He argues that it was judicial misconduct on the part of the trial court to allow the prosecutor to ask leading questions and prosecutorial misconduct to ask the leading questions. Additionally, he argues that it was judicial misconduct for the court to allow the prosecutor to question a witness on redirect beyond the scope of the direct examination. Sanders further alleges error and misconduct by citing to several statements made by the prosecutor in his closing argument.
¶ 8. The decision to allow leading questions rests within the discretion of the trial court. Parks v. State, 930 So.2d 383, 387(¶ 9) (Miss.2006). Only upon a finding of an abuse of discretion will a trial courts' ruling be disturbed. Id. We cannot say that under the context and circumstances of this case that the trial court abused its discretion in allowing the prosecutor to ask leading questions.
¶ 9. Pursuant to the Mississippi Supreme Court's recent adoption of a two-part test to determine whether a prosecutor's closing remarks constitute reversible error, we review first whether the remarks were improper, and if so, whether the remarks prejudicially affected the accused's rights. Spicer v. State, 921 So.2d 292, 318(¶ 55) (Miss.2006) (adopting test annunciated by the Ohio Court of Appeals in State v. Grimes, 2005 Ohio 203, P18 (Ohio Ct.App.2005)). "It must be clear beyond a reasonable doubt, that absent the prosecutor's comments, the jury could have found the defendant guilty." Id. The standard used in reviewing closing arguments is "whether the natural and probable effect of the prosecuting attorney's improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice." Rushing v. State, 711 So.2d 450, 455(¶ 15) (Miss.1998) (quoting *846 Taylor v. State, 672 So.2d 1246, 1270 (Miss.1996)). The trial judge is in the best position to determine if an alleged objectionable remark has a prejudicial effect. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990). As we review the decision of the trial court regarding the admissibility of statements made in closing arguments, we keep in mind that counsel is allowed wide latitude when making their arguments to the jury; the trial court should show restraint in curtailing counsel's arguments. Any allegedly improper prosecutorial comments must be considered in the context and circumstances of the case.
¶ 10. After a thorough review of the record, this Court finds no merit in any of Sanders' claims of judicial or prosecutorial misconduct. There is nothing in the trial transcript to indicate that Sanders was prejudiced before the jurors by any judicial or prosecutorial misconduct during this phase of the trial. Therefore, neither judicial nor prosecutorial misconduct deprived Sanders of a fair trial as these issues are without merit.
III. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY THE INTRODUCTION OF INFLAMMATORY PHOTOGRAPHS.
¶ 11. "The standard of review regarding admission [or exclusion] of evidence is abuse of discretion. Where error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party.'" Whitten v. Cox, 799 So.2d 1, 13(¶ 27) (Miss.2000) (citing Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 12) (Miss.1999)).
¶ 12. Several photographs were introduced as exhibits into evidence at trial. At issue are four of the introduced photographs depicting the crime scene. Sanders argues that the introduction of the photographs was error because the exhibits were introduced for the sole purpose of evoking sympathetic emotions from the jury, and thus deprived him of a fair trial under the due process clause.
¶ 13. The law regarding admissibility of crime scene photographs is well-settled. The Mississippi Supreme Court has held,
Photographs have evidentiary value where they: 1) aid in describing the circumstances of the killing and the corpus delicti; Williams v. State, 354 So.2d 266 (Miss.1978); 2) where they describe the location of the body and cause of death; Ashley v. State, 423 So.2d 1311 (Miss.1982); and 3) where they supplement or clarify witness testimony. Hughes v. State, 401 So.2d 1100 (Miss. 1981).
Westbrook v. State, 658 So.2d 847, 849 (Miss.1995). All of the pictures introduced into evidence at trial that Sanders now appeals served to clarify the testimony of witnesses, to give the jury a visual depiction of the crime scene, and to show the cause of the victims' deaths. Three of the four contested photographs depict the physical position of the victims as they lay at the crime scene. These exhibits aid in the description of the crime scene and the circumstances surrounding the deaths. The fourth photograph introduced into evidence depicts the wound suffered by the victim, Scott. This photograph served to corroborate Triplett's testimony concerning Scott's manner of death. For the foregoing reasons, the trial court's admission of the photographs was not an abuse of discretion. Therefore, this issue is without merit.
IV. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY THE COURT ALLOWING AN IN-COURT IDENTIFICATION RESULTING FROM A PRIOR MISIDENTIFICATION.
¶ 14. Sanders next contends that the trial court erred in allowing the sole surviving *847 eyewitness of the shootings to testify regarding her pretrial identification and to make an in-court identification. The objections are based upon the credibility of Triplett in her identification of Sanders and upon the credibility of her testimony in general, due to alleged inconsistencies in her testimony. Sanders argues that this trial court error deprived him of a fair trial and thereby violated his due process rights.
¶ 15. In addressing Sanders' first objection to the in-court identification, the law concerning identification procedures is well-settled and must comply with the requirements of due process. Neil v. Biggers, 409 U.S. 188, 196, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The factors to be considered when determining whether an identification complies with due process are as follows:
(1) the opportunity of the witness to view the criminal at the time of the crime;
(2) the witness' degree of attention;
(3) the accuracy of the witness' prior description of the criminal;
(4) the level of certainty demonstrated by the witness at the confrontation; and
(5) the length of time between the crime and the confrontation.
Id. at 199-200, 93 S.Ct. 375; Ferguson v. State, 856 So.2d 334, 338(¶ 10) (Miss.Ct. App.2003). These factors are to be considered under the totality of the circumstances. Biggers, 409 U.S. at 199, 93 S.Ct. 375. A review of the record establishes that each of the Biggers factors is satisfied.
¶ 16. Sanders claims that Triplett would not have had sufficient opportunity to view the assailant during Lott's murder because Triplett was lying on the floor. Sanders reasons that because Triplett was lying on the floor, her testimony concerning the shooter is faulty. However, the Mississippi Supreme Court has held that identifications are admissible when the witness viewed the criminal for only a few seconds. Horne v. State, 825 So.2d 627, 638(¶ 41) (Miss.2002). Here, Triplett viewed Sanders during the entire robbery and addressed Sanders by name as she pleaded for her life. It was only at the point when she was shot that she fell backwards onto the floor. Based upon the facts, Triplett had ample opportunity to view the assailant during the commission of the crime, and Triplett's momentary loss of her line of sight of the appellant is not sufficient to bar Triplett's identification of Sanders as the shooter.
¶ 17. Further, the witness' degree of attention is not at issue in this case. Triplett was a victim of a robbery and aggravated assault and spoke face-to-face with the appellant as she plead for her life. Her testimony indicated that she recognized Sanders immediately upon his reentrance into the store and she acknowledged his presence. This testimony shows that she was paying sufficient attention during the commission of the crimes.
¶ 18. The accuracy and level of certainty demonstrated by Triplett in her prior description, which occurred almost immediately after the crime, is also not at issue. Once Triplett was able to drive to her brother's residence and gain his attention for help, she immediately and specifically identified Marvin Sanders, by name, as the assailant and never wavered from this initial identification. As the record reflects, Triplett had known Sanders for approximately fifteen years before the crime occurred. Triplett and Sanders attended the same high school, lived only a few hundred yards away from each other, and socially interacted on occasion, including the evening of the crime. All of these factors taken together demonstrate the accuracy *848 and level of certainty in Triplett's identification. Moreover, the elements of Biggers are supported by substantial evidence. Therefore, considering the totality of the circumstances of the out-of-court and in-court identifications, we find that there was sufficient evidence to support the trial court's admission of the identification evidence.
¶ 19. Sanders' second argument concerning the in-court identification is predicated upon the credibility of the witness and cites to alleged inconsistencies in Triplett's testimony. After a thorough review of the record, this Court is satisfied that there are no inconsistencies in Triplett's testimony. However, the jury is the true judge of witness credibility. The jury has the plenary discretion to believe or disbelieve any part of the testimony of any witness. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). In this case, the jury chose to believe Triplett's testimony and consequently convicted Sanders. Therefore, the trial court did not err in allowing Triplett's out-of-court or in-court identification of Sanders.
V. WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 20. Sanders claims that his counsel's failure to interview a potential alibi witness, failure to have gun powder residue tests performed on Sanders' clothing, and failure to object to the prosecutor's use of a nickname for the appellant resulted in ineffective assistance of counsel, and thus violated his constitutional right to a fair trial.
¶ 21. Claims of ineffective assistance of counsel are reviewed by using the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, Sanders has the burden of proof to show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) that the deficiency did, in fact, prejudice the defense's case so as to prevent a fair trial. Id.; Hall v. State, 735 So.2d 1124, 1127(¶ 6) (Miss.Ct.App.1999). In determining whether the first prong of Strickland concerning counsel's performance has been satisfied, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. The second prong of the Strickland test requires that Sanders prove prejudice by showing that there was a reasonable probability, but for counsel's errors, the trial court's result would have been different. Id. at 699, 104 S.Ct. 2052. Whether the prongs of this test are met is determined by an examination of the totality of the circumstances. Id.
¶ 22. In this instance, Sanders makes no valid argument of a deficiency in his lawyer's representation. Decisions to call witnesses, ask certain questions, or make particular objections fall within the purview of the attorney's trial strategy and "cannot give rise to an ineffective assistance of counsel claim." Carr v. State, 873 So.2d 991, 1003(¶ 27) (Miss.2004). Although Sanders cites to numerous issues in support of his claim of ineffective assistance of counsel, he provides no evidence that he suffered harm as a result of his attorney's performance.
¶ 23. Sanders states that his lawyer refused to interview an alibi witness; however, he does not provide an identity of the witness, nor the substance of the potential testimony that would create his alibi. In fact, at trial the defense called three witnesses in an attempt to establish *849 Sanders' alibi. The jury chose not to believe those witnesses.
¶ 24. Sanders' argument regarding the failure of the gun residue testing also fails. This Court has previously held that the absence of a test for gun powder or nitrate "in no way renders the jury verdict invalid." Catchings v. State, 757 So.2d 360, 363(¶ 11) (Miss.Ct.App.2000). Based on testimony provided at trial, a significant amount of time, possibly two hours, elapsed between the shootings and the subsequent arrest of Sanders. Thus a negative result of a gun powder test would not conclusively prove Sanders' innocence.
¶ 25. Lastly, upon this Court's review of the trial transcript, Sanders' argument concerning his attorney's failure to object to the prosecutor's use of a nickname for the appellant factually fails. An objection was properly made and subsequently overruled by the trial court. Furthermore, Sanders has shown no evidence that had his attorney interviewed the phantom alibi witness, or ordered a gun powder residue test, the outcome would have been different. Considering the totality of the circumstances, the performance of Sanders' trial counsel was not deficient, nor did it prejudice Sander's case in any way. Therefore, Sanders has failed to meet his burden of proof under the two-part test set out in Strickland, and his claim of ineffective assistance of counsel fails.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF COUNT I CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE; COUNT II CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE; AND COUNT III AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS, TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR.