JAMES, J.,
for the Court:
¶ 1. Following a jury trial, Lakoski Ke-dale Fulton was convicted of armed robbery in the Neshoba County Circuit Court. On appeal, Fulton raises one issue: wheth *817 er the trial court erred in overruling his objection to a leading question by the State. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 31, 2011, Fulton was indicted for armed robbery. A jury trial was held on July 9, 2012. During the State’s case-in-chief, the following exchange between the district attorney and one of the victims took place on direct examination:
Q: Tell us about being approached. What happened?
A: It was two guys, one was on the driver’s side and one came over on the passenger side, and they told me, “Give me your money.”
Q: They said, “Give me your money.” Did they threaten you in any way?
A: Yeah. They said, “Give it to me or you die.”
Q: Did they have any kind of weapon?
A: A pistol.
Q: Can you describe what the pistol looked like?
A: It was a revolver.
¶ 3. Later, during the State’s redirect examination of the same witness, testimony regarding the weapon used during the robbery was elicited again:
Q: Did these individuals who robbed you have a pistol?
A: A pistol, yes, sir.
Fulton objected to the form of the question as leading. The trial court overruled the objection. At the conclusion of trial, Fulton was found guilty of armed robbery, and was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Fulton now appeals.
DISCUSSION
¶ 4. Fulton argues that the trial court abused its discretion by overruling his objection to the State’s leading question on redirect examination. Fulton cites Mississippi Rule of Evidence 611(c), which states:
Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily, leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.
“Generally, the decision to allow leading questions rests within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion.” Parks v. State, 930 So.2d 383, 387 (¶ 9) (Miss.2006) (citing McFarland v. State, 707 So.2d 166, 175 (Miss.1998)). Further, “[t]he use of leading questions is not ground for reversal unless the trial court abused its discretion, and the decision resulted in ‘substantial’ injury to the appealing party.” Osborne v. State, 54 So.3d 841, 845 (¶ 16) (Miss.2011) (citing Whitlock v. State, 419 So.2d 200, 203 (Miss.1982)).
¶ 5. We find no abuse of discretion in the trial court’s decision to overrule Fulton’s objection, as the decision did not result in substantial injury to Fulton’s case. The testimony regarding the pistol had already been elicited from the same witness prior to the allegedly leading question. This issue is without merit.
¶ 6. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL *818 COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.