JAMES, J.,
for the Court:
¶ 1. Corderro Seales was convicted of one count of possession of more than two but less than ten grams of cocaine and one count of possessing less than thirty grams of marijuana. Seales was also convicted as a second-offense drug offender and a habitual offender. He was sentenced to life imprisonment without eligibility for parole or any suspension or reduction of sentence, to be served in the custody of the Mississippi Department of Corrections. Seales appeals his conviction raising the following issue: whether the trial court erred in overruling his objection to a leading question at trial. Finding no error in the decision of the trial court, we affirm.
FACTS
¶ 2. Corderro Seales was stopped by Officer Jonathan Spears at a safety roadblock in Neshoba County, Mississippi. The following day, Officer Spears learned of an outstanding arrest warrant for Sea-les. Officer Spears spotted a car similar to the one Seales had been driving the night prior and effectuated a stop. Officer Spears identified the driver as Seales and informed him of the warrant for his arrest, arrested him, and placed him in the back seat of the squad car. Another officer, Josh Ray, arrived and followed Officer Spears and Seales in another squad ear. Officer Spears noticed Seales’s muffled speech and determined that something was in Seales’s mouth affecting his speech.
*284 ¶ 3. Officer Spears pulled over with Officer Ray and confronted Seales about the object in his mouth. After a struggle, Seales spit the bag out of his mouth onto the seat. The bag contained a green leafy substance and another bag with a rock-like substance. It was later confirmed that the green leafy substance was marijuana and the rock-like substance was' crack cocaine.
¶ 4. At trial the following question was posed to Ralph Scriple, an investigator with the Neshoba County Sheriffs Department: “Did you become aware through radio traffic that the Defendant had been put under arrest on that warrant by Officer Spears?” Trial counsel objected to the question on the ground of leading the witness. The trial court overruled the objection, and the following answer was elicited by the prosecutor: “Yes, sir, I know that they did pick him up and [were] transporting him to the jail.”
¶ 5. Seales was found guilty of possession of more than two but less than ten grams of cocaine and possession of less than thirty grams of marijuana. Seales was also found to be a second-time drug offender and habitual offender and was sentenced to life in prison, without the possibility of a reduction of sentence, to be served in the custody of the Mississippi Department of Corrections. Seales appeals.
DISCUSSION
¶ 6. The standard of review is whether the trial court abused its discretion. Fulton v. State, 122 So.3d 816, 817 (¶ 4) (Miss.2013).
¶ 7. Seales argues that the trial court erred when it overruled trial counsel’s objection to a leading question. Further, Seales states that the answer the witness gave was hearsay, and the verdict should be overturned. However, Seales does not address the hearsay issue as an assignment of error; thus it is barred. See Giles v. Stokes, 988 So.2d 926, 929 (¶ 14) (Miss.Ct.App.2008). Additionally, Seales did not object on the basis of hearsay, so it is again barred. See Williams v. State, 684 So.2d 1179, 1187 (Miss.1996).
¶8. Seales refers to Mississippi Rule of Evidence 611(c), which states:
Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily, leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.
The leading question occurred during the direct examination of Investigator Scriple. The Supreme Court of Mississippi, however, has held that “[g]enerally[,] the decision to allow leading questions rests within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion.” Parks v. State, 930 So.2d 383, 387 (¶ 9) (Miss.2006). The judge has some discretion in allowing leading questions. Id. In order to develop preliminary matters, leading questions are often used. Gates v. State, 936 So.2d 335, 341 (¶ 23) (Miss.2006). The prosecutor in the trial court had previously questioned the arresting officer along with the officer who witnessed Seales spit out the bag of drugs. The leading question posed to the third witness on direct examination was used to develop a preliminary matter to show how the arresting officer was involved. We find that there was no abuse of discretion in overruling the objection since the leading questions involved preliminary matters that had already been put into evidence in detail by two previous witnesses. Moreover, “the use of leading questions is not a ground for reversal un *285 less the trial court abused its discretion, and the decision resulted in substantial injury to the appealing party.” Fulton, 122 So.3d at 817 (¶ 4). Here, Seales suffered no such injury from the trial court’s ruling.
¶ 9. The testimony elicited from Investigator Scriple is similar to the testimony of Officer Spears about the arrest warrant. We find that the trial court did not abuse its discretion in overruling the objection, and that Seales suffered no substantial injury as a result. Therefore, we affirm the trial court’s judgment.
¶10. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF POSSESSION OF MORE THAN TWO GRAMS BUT LESS THAN TEN GRAMS OF COCAINE AND ONE COUNT OF POSSESSION OF LESS THAN THIRTY GRAMS OE MARIJUANA AND SENTENCE AS A HABITUAL OFFENDER AND SECOND DRUG OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR SUSPENSION OR REDUCTION OF SENTENCE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.