# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-KA-01015-SCT

*KENDRICK SCOTT a/k/a KENDRICK MONTRELL*
*SCOTT a/k/a KENDRICK MONTELL SCOTT a/k/a*
*E.T.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/09/2021 |
| TRIAL JUDGE: | HON. JAMES McCLURE, III |
| TRIAL COURT ATTORNEYS: | CORY MICHAEL WILLIAMSON |
| | STEVEN PATRICK JUBERA |
| COURT FROM WHICH APPEALED: | YALOBUSHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CASEY BONNER FARMER |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/22/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.    Kendrick Scott was on trial for robbery.  While the State and his defense lawyer were selecting a jury, Scott proclaimed to the courtroom that he was "guilty as hell[!]"  After hearing testimony from the robbery victims and listening to Scott's recorded confession, the

jury agreed. This was Scott's fourth robbery conviction.[1] So based on these convictions, the judge sentenced Scott as a habitual offender to a mandatory term of life in prison.

¶2. Scott now appeals. He does not challenge the sufficiency of the evidence supporting his robbery conviction. Nor does he contest his life sentence. Instead, he raises just one claim—that he was substantially and irreparably prejudiced by his own outburst during voir dire. Scott insists the trial judge abused his discretion by denying his attorney's request for a mistrial. We disagree.

¶3. Not only was Scott's statement completely unprovoked and of his own doing, but following the outburst, Scott's lawyer asked prospective jurors if anything had occurred in the courtroom that would affect their ability to be impartial. And none of the prospective jurors who answered in the affirmative were ultimately seated for trial. Because it was Scott who made the unprovoked outburst, from which he suffered no substantial prejudice, the trial judge did not abuse his discretion by denying a mistrial. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶4. In June 2020, Jennifer Britt and Cheryl Cade were working at Sayle Oil in Yalobusha County when a man robbed the store. The robber entered the store, jumped the counter, and threatened the women, claiming he "had a gun and would shoot [them]." The robber then elbowed Britt in the chest, stole cash from the register, and fled. Cade called 911 and

---

[1] Scott was previously convicted once of armed robbery in violation of Mississippi Code Section 97-3-79 (Rev. 2020) and twice of robbery, one being strong armed, in violation of Mississippi Code Section 97-3-73 (Rev. 2020).

described the suspect and his clothing. Once on the scene, authorities issued a be-on-the-lookout ("BOLO") alert based on the suspect's clothing.

¶5. A police officer in nearby Bruce, Mississippi, had pulled Kendrick Scott over earlier that night. He notified Yalobusha County law enforcement that Scott was wearing the exact clothing as the robbery suspect. Scott was identified as a suspect, arrested, and taken to the Water Valley Police Department. Chief Jason Mangrum Mirandized[2] Scott and interviewed him about the robbery. After initially denying he robbed the store, Scott confessed to Chief Mangrum—in an audio-recorded interview—that he had in fact robbed the store. He made clear that he acted alone. A grand jury indicted Scott, and his trial began April 13, 2021.[3]

¶6. During jury selection, the trial judge asked if any prospective jurors would "be unable to sit on this case and make a decision one way or the other[.]" When Juror Number 94 began to respond, Scott interrupted her. Scott proclaimed, "I'm guilty . . . I'm guilty as hell." This prompted the judge to instruct Scott to stop speaking. And Scott's counsel asked for a brief recess.

¶7. When jury selection resumed, a juror asked the State, "how are we supposed to ignore what just happened with him saying 'I'm guilty'?" The State responded that it was going to just "defer to the [c]ourt and let the [j]udge . . . make that determination." Shortly after,

---

[2] *See **Miranda v. Arizona**, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] Scott was indicted on two counts. Count One charged robbery in violation of Mississippi Code Section 97-3-73 (Rev. 2020). Count Two alleged car theft in violation of Mississippi Code Section 97-17-42 (Rev. 2020). Both counts charged Scott as a habitual offender under Mississippi Code 99-19-83 (Rev. 2020). Scott was only tried on Count One; Count Two was remanded to the file.

3

Scott's counsel asked the potential jurors if "anything . . . ha[d] happened in this courtroom today [that] impacted your ability to be . . . fair and impartial?" Thirteen jurors answered in the affirmative.[4] Eleven of those jurors were struck for cause; the remaining two were not seated.[5]

¶8. Just before the jury was seated, Scott's counsel moved for a mistrial. He alleged there was "no way to undo" Scott's "prejudic[ial]" outburst. The State disagreed. It argued the mistrial request was simply a discretionary call for the judge. As support, the State cited **Arrington v. State**, in which the Mississippi Court of Appeals affirmed the denial of a mistrial request based on a defendant's unprovoked outburst during voir dire that his lawyer was "biased." **Arrington v. State**, 77 So. 3d 542 (Miss. Ct. App. 2011), *abrogated on other grounds by* **Leslie v. State**, 171 So. 3d 549 (Miss. Ct. App. 2015). The State also emphasized that the potential jurors who said they could no longer be impartial had not been seated.

¶9. The judge denied Scott's motion. He noted the outburst "was questioned about during voir dire, that several jurors said [it] . . . made their view . . . tainted to where they could not be fair and impartial jurors. But other jurors did not . . . so the court must presume that they were not influenced by the unprovoked outburst of the defendant." Scott's trial proceeded, and the jury found Scott guilty of robbery. Based on Scott's previous robbery convictions,

---

[4] Jurors Number 10, 17, 45, 65, 67, 77, 84, 94, 99, 109, 123, 132, and 146 indicated they would be unable to serve as fair and impartial jurors following Scott's outburst.

[5] Jurors Number 10, 17, 45, 65, 84, 94, 99, 109, 123, 132, and 146 were struck for cause. Jurors Number 67 and 77 were not seated.

the judge sentenced him as a habitual offender to life.[6] He now appeals, raising one issue—that the trial court erred by denying him a mistrial.

## STANDARD OF REVIEW

¶10. This Court reviews a judge's denial of a mistrial for abuse of discretion. *Sharkey v. State*, 265 So. 3d 151, 155 (Miss. 2019) (citing *Pitchford v. State*, 45 So. 3d 216, 240 (Miss. 2010)).

## DISCUSSION

¶11. Unusual occurrences sometimes happen at trial. This truth is known well by all who practice in our courtrooms. The Mississippi Rules of Criminal Procedure, however, do make clear that "[u]pon motion of any party, the court *may* declare a mistrial if there occurs during the trial, either inside or outside the courtroom, misconduct by a party . . . resulting in *substantial and irreparable* prejudice to the movant's case." MRCrP 23.5 (emphasis added). In such instances, it is the judge who is granted discretion to decide whether a mistrial should be granted. *Pitchford*, 45 So. 3d at 240 (citing *Parks v. State*, 930 So. 2d 383, 386 (Miss. 2006)).

### I. The trial court did not abuse its discretion by denying a mistrial.

¶12. When a trial judge conducts voir dire, there is but one purpose—"to select a fair and impartial jury." *Puckett v. State*, 737 So. 2d 322, 332 (Miss. 1999). And "[b]ecause the human element is always present, the process can by no means ever be perfect." *Id.* In other

---

[6] Mississippi's violent habitual offender statute requires a life sentence for persons who have been convicted of two previous felonies, one of which qualifies as "violent." Miss. Code Ann. § 99-19-83 (Rev. 2020). Crimes of violence are listed in Mississippi Code Section 97-3-2 (Rev. 2020).

words, a judge's duty is not to ensure that a perfect jury is empaneled. Rather, it is to make sure that the jury that is finally empaneled can render an impartial verdict. ***Id.*** That is what the judge did here. In response to Scott's outburst, the judge made sure not to seat any jurors who struggled to set aside Scott's comments. And he clearly instructed the jury to only consider the evidence presented to them at trial.[7]

¶13.    These precautions aside, it is also widely held that a defendant cannot create disruptive conduct to provoke a mistrial. This Court has previously recognized our court of appeals' similar assessment of self-provoked, voluntary outbursts:

> If we were to find error and declare a mistrial due to [a] defendant's unprovoked outburst, we daresay the whole criminal prosecution system could come to a standstill. At any critical moment in a trial, a defendant could blurt out any type of disruptive statement that would tend to poison the jury. Under [the defendant's] theory, a mistrial would be declared and another trial would have to be held on every occasion of an outburst. We will not invite such disorder in to our system of law.

***Arrington v. State***, 267 So. 3d 753, 758 (Miss. 2019) (quoting ***Arrington***, 77 So. 3d at 548).

¶14.    Other courts have similarly noted that if judges were to view a defendant's disruptive conduct as a proper ground for a mistrial, courts would be handing criminal defendants a device for provoking mistrials at their will. *See **Hayes v. State***, 340 So. 2d 1142 (Ala. Crim. App. 1976). Indeed, the Supreme Court of California found no error in a judge's denying a mistrial when, in an outburst at trial, a defendant admitted he was *guilty of six murders*. ***People v. Hendricks***, 749 P.2d 836, 839 (Cal. 1988) (emphasis added). That court reasoned,

---

[7] Jury Instruction Number 1 reads, "[y]ou should not be influenced by bias, sympathy or prejudice. Your verdict should be based on the evidence and not upon speculation or guesswork." And it later reiterates, "[t]he evidence which you are to consider consists of the testimony of the witnesses, and the exhibits offered and received into evidence."

6

"a defendant may not be heard to complain when any prejudice he may have suffered resulted from his own voluntary act." *Id.* The same is true here. Scott cannot, through his unprovoked conduct, create the necessity of a mistrial.

¶15. But not only can Scott not create his own mistrial, he also wholly fails to show substantial prejudice. Scott's counsel questioned prospective jurors about their ability to remain fair and impartial after Scott's outburst. And when thirteen of them said they could not, the trial judge struck eleven for cause. The remaining two were not seated. So Scott was tried by jurors who swore they could be impartial.[8] These jurors heard testimony from the robbery victims, both of whom identified Scott as the robber. And they watched the store's surveillance video and heard from an officer who confirmed Scott was wearing the same clothing in the video when pulled over. Chief Mangrum also testified that Scott confessed to the robbery, and the jury heard the audio recording of his confession. Scott did not testify or call witnesses.

¶16. In short, there is no inkling that Scott suffered prejudice, much less substantial prejudice from a disruption of his own doing. So there was no abuse of discretion in the judge's denying his attorney's request for a mistrial. We affirm Scott's conviction and sentence.

¶17. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[8] "Jurors are presumed to follow their oath." ***Peña-Rodriguez v. Colorado***, 580 U.S. 206, 137 S. Ct. 855, 868, 197 L. Ed. 2d 107 (2017) (citing ***Penry v. Johnson***, 532 U.S. 782, 799, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001)).