797 So.2d 1028 (2001)
Danny J. WRIGHT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00993-COA.
Court of Appeals of Mississippi.
April 17, 2001.
Rehearing Denied July 17, 2001.
Certiorari Denied October 11, 2001.
*1029 Scott Joseph Schwartz, Hattiesburg, Attorney for Appellant.
Office of the Attorney General, by Charles W. Maris, Jr., Attorneys for Appellee.
Before McMILLIN, C.J., PAYNE, and LEE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Danny Wright has appealed his conviction on two counts of a three-count indictment tried in a single proceeding. The third count in the indictment was severed by the trial court prior to trial. Wright raises four issues on appeal. First, he contends that the trial court erred in failing to sever the two counts for which he was convicted. Second, he sees error in the trial court's refusal to grant a motion in limine to exclude evidence of a prior felony conviction. Third, he claims that the trial court erred in refusing to instruct the jury regarding the effect of an alleged prior inconsistent statement by one of the State's witnesses. Finally, Wright alleges that the trial court should have granted a mistrial when, during his own cross-examination, he made remarks from which the jury could surmise that there was another pending charge against him arising out of the case. We find these issues to be without merit and affirm.

I.

Facts
¶ 2. Evidence presented by the State indicates that Wright attempted to rob a convenience store at gunpoint while an accomplice waited outside in a vehicle to effect a getaway. The robbery was thwarted when a police cruiser arrived on the scene and observed what was going on. The officer, Deputy Sheriff Tim Campbell, testified that he saw Wright inside the store pointing a shiny object at the clerk which he thought might be a gun. He said he then saw Wright depart the store and throw that shiny object into the waiting vehicle before Wright and his companion both fled the scene on foot. A small shiny pistol was subsequently retrieved from the vehicle along with a quantity of illegal scheduled narcotics. Further investigation revealed that, at the time of the incident, Wright had a prior felony conviction for possession of a controlled substance.
¶ 3. As a result, Wright was indicted in a single multi-count indictment for armed robbery, possession of a firearm by a convicted felon, and drug possession. Wright sought to have all three counts severed for separate trials. The court agreed to sever the drug charge but permitted the State to proceed to try Wright on the armed robbery count and the firearm possession count in the same trial.

II.

The First Issue: Severance
¶ 4. Wright claims that the trial court erred in permitting the two charges to be tried together. He claims that he was prejudiced in regard to the armed robbery claim since, if it had been tried separately, the jury would not have been aware of his prior felony drug possession conviction. Conceding that this prior conviction was an essential element of the firearm possession case, Wright contends that he was prejudiced in the eyes of the jury in regard to the robbery charge by the jury's knowledge of the damaging fact of his prior criminal activitya fact specifically *1030 barred from jury consideration under Mississippi Rule of Evidence 404(b).
¶ 5. The only citations of authority advanced by Wright in his brief are a number of Mississippi Supreme Court cases decided prior to 1986, all of which reflect the then-prevailing law of this State that prohibited trying multiple criminal charges in the same trial under any circumstances. See, e.g., Bennett v. State, 451 So.2d 727 (Miss.1984); Stinson v. State, 443 So.2d 869 (Miss.1983). This was changed in 1986 when the Mississippi Legislature adopted Section 99-7-2 of the Mississippi Code of 1972, and the Mississippi Supreme Court recognized and gave effect to the statute in the case of Woodward v. State, 533 So.2d 418, 422 (Miss.1988).
¶ 6. Section 99-7-2 permits the prosecution of more than one charge in the same trial in those circumstances where either "(a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." In this case, the State relied on the evidence that Wright was in possession of a firearm while he was in the convenience store attempting to carry out a robbery as evidence to show him in possession of a firearm while he was a convicted felon. In those circumstances, we are satisfied that the two charges arose out of the same act or transaction within the meaning of Section 99-7-2, and thus were triable in the same proceeding.
¶ 7. We find no authority limiting the applicability of this portion of the multicount indictment statute simply because some element of the necessary proof as to one charge would be inadmissible on the other charge were it being tried separately. It is, in fact, difficult to envision a trial of multiple charges where some evidence relevant to one charge would not be subject to a Rule 404(b) challenge as to the other charge, no matter how closely related in time and circumstance the two alleged crimes might be.
¶ 8. It is often the case that evidence is admissible for a limited purpose and inadmissible for some other purpose. In that case, the answer is not to exclude the evidence altogether, but to admit it subject to the jury being instructed as to the limited purpose for which the information is admitted. M.R.E. 105. Such a limiting instruction as to the purpose of the admission of evidence of Wright's prior felony conviction was, in fact, given in this case.
¶ 9. There was no error in failing to sever these two charges on the basis advanced by the appellant.

III.

Issue Two: Motion In Limine
¶ 10. Wright filed a motion in limine to exclude any evidence of his prior drug possession conviction. The trial court denied the motion, finding that evidence to be relevant on the firearm possession charge. So long as the two counts were being tried together, there can be no legitimate argument that this evidence was not admissible. See Miss.Code Ann. § 97-37-5(1) (Rev.2000). As we have already determined that it was not error to sever these two counts, it could not be error to admit evidence relevant to the essential elements of both crimes. The only remedy available to Wright to prevent the jury's misuse of this evidence of prior criminal activity was a limiting instruction under Mississippi Rule of Evidence 105. As we have already observed, Wright did have the benefit of such an instruction.

IV.

Issue Three: Prior Inconsistent Statement Instruction
¶ 11. Wright had requested the trial court to instruct the jury that, in *1031 evaluating the credibility to assign to Deputy Campbell's testimony, it should take into account the fact that he had made statements prior to the trial that were inconsistent with his trial testimony. The court refused the instruction saying that it was "a comment on the testimony of one witness as to one particular part of that one witness's testimony. And for that reason the Court is refusing that instruction."
¶ 12. The alleged inconsistency in Campbell's pre-trial statement arose out of the fact that, in his written report shortly after the incident, Campbell had not mentioned seeing the defendant holding a shiny object while in the store nor had he reported seeing Wright throw such an object into the car before running away on foot.
¶ 13. We agree with Wright's contention that it is not, as the trial court held, an improper comment on the testimony of a witness to instruct the jury regarding the proper effect to give to prior inconsistent statements by witnesses testifying at trial. Such instructions have been approved in a number of prior decisions of the Mississippi Supreme Court. See, e.g., Ferrill v. State, 643 So.2d 501, 505 (Miss. 1994); McGee v. State, 608 So.2d 1129, 1135 (Miss.1992).
¶ 14. The State argues that Deputy Campbell's prior written report was not an inconsistent statement because it did not comment one way or the other as to whether Wright was holding a shiny object when the Deputy observed him inside the store. There is, however, substantial authority in the rules of evidence that when a prior statement is entirely silent as to a matter later asserted by the declarant and the matter seems important to the subject under consideration, the earlier silence may be viewed as inconsistent. 1 McCormick on Evidence § 34 (John W. Strong ed., 5th ed.1999). We are satisfied that information that the defendant was brandishing an object resembling a pistol is the kind of thing the "silence" rule was intended to address and that the officer's failure to include such information in his initial report can legitimately be said to cast doubt on his testimony at trial. However, the impeachment value of this prior inconsistent statement would appear limited solely to the issue of whether the officer saw a gun in Wright's hand inside the store and would not necessarily cast the remainder of his testimony into question. In fact, the remainder of his testimony regarding what he saw does not appear to be in dispute.
¶ 15. In assessing the prejudicial impact of this issue, we note that we are not dealing with an evidentiary ruling in which Wright was denied the opportunity to introduce the prior statement. He was, in fact, permitted to put the statement before the jury and was certainly free to strenuously argue to the jury the questionable nature of the officer's apparently-belated recollection of a rather significant fact. The sole error was the court's refusal to instruct the jury that the law did permit them to weigh the previous statement in assessing the officer's credibility. In light of the foregoing and the fact that there was other compelling evidence from the store clerk that the defendant had a gun and the fact that the gun itself was recovered under circumstances that tended to link it to the defendant, we do not think that Wright has demonstrated sufficient prejudice in the court's failure to give his requested instruction to require this Court to overturn the conviction.

V.

Issue Four: Evidence of Other Crimes
¶ 16. During Wright's cross-examination, the prosecuting attorney was attempting *1032 to have Wright concede his presence at the location of the robbery at the critical time. In an unresponsive answer, Wright said the following:
I just ... it's a lot more to the case there's some things I can't say because incriminate me, because we have other charges that's a part of this case. And I don't want to incriminate myself on this.
¶ 17. The prosecuting attorney ignored this unresponsive answer and attempted to continue his cross-examination. However, after two further questions, Wright's counsel moved for a mistrial based on possible prejudice in the jury's eyes upon learning that Wright had additional pending criminal charges. The trial court noted that Wright's answer was not elicited by the State and that the prosecution did its best to ignore the statement. Finding that the damage was, in essence, a self-inflicted injury, the court denied the motion. That ruling was not reversible error. It is a fundamental principle of law that a defendant cannot complain about evidence that he himself produced at trial. Hobson v. State, 730 So.2d 20 (¶ 15)(Miss.1998).
¶ 18. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF CONVICTION OF ATTEMPTED ROBBERY BY THE EXHIBITION OF A DEADLY WEAPON AND SENTENCE OF FORTY YEARS AS A HABITUAL OFFENDER, AND CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS AS A HABITUAL OFFENDER, SAID SENTENCE TO RUN CONSECUTIVE TO THE ATTEMPTED ROBBERY SENTENCE, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO PEARL RIVER COUNTY.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.