919 So.2d 264 (2005)
Reginald Demond SIMS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02748-COA.
Court of Appeals of Mississippi.
June 28, 2005.
*265 Frank J. Campbell, Vicksburg, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. Reginald Demond Sims was convicted by a Warren County jury of escape, and simple assault on a law enforcement officer. He appeals and alleges that certain comments made by the prosecution during its opening and closing statements influenced the verdict and deprived him of his right to a fair trial.
¶ 2. We finding no reversible error; therefore, we affirm Sims's convictions and sentences.

FACTS
¶ 3. On the night of November 24, 2002, Sims was incarcerated in the Warren County jail when he, along with several other inmates, overpowered a deputy and escaped from the jail.[1] At trial, Richard Haggard, the deputy on duty at the time of the incident, provided undisputed testimony of the events leading up to Sims's escape. Haggard testified that when he went upstairs to lock down the inmates for the night, Sims informed him that he needed to give him a letter to be mailed. Haggard further testified that as he opened a door to retrieve the letter from Sims, Sims *266 struck him in the forehead with his fist. Haggard stated that several of the other inmates then began beating him and took his radio and wallet before handcuffing him to a jail cell. Sims ran downstairs to the jail lobby and escaped through a broken window. He was apprehended a month later.
¶ 4. Sims was indicted on charges of escape, robbery, and simple assault on a law enforcement officer. The robbery charge was subsequently dismissed by the trial judge, and as previously noted, Sims was convicted of the two remaining charges.[2] Additional facts will be related during our discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. On appeal, Sims primarily argues that certain comments made by the prosecution during trial were improper and inflammatory. He contends that during its opening and closing statements, the State made the following comments: (1) at the time of the escape, Sims was in jail for "shooting two boys," (2) "one is never a little pregnant," and (3) "if you want to make an omelet, then you have got to break some eggs." Sims claims that the forgoing comments arguably could have resulted in his conviction of the charge of simple assault on a law enforcement officer.
¶ 6. The State counters, and the record reflects, that Sims failed to make a contemporaneous objection at trial. Therefore, the State argues that Sims's argument is procedurally barred. The State alternatively contends that the prosecution's comments did not constitute error, nor did they deprive Sims of a fair trial. Sims acknowledges that his trial counsel failed to raise an objection at trial but argues that the prosecutor's statements rise to a level of plain error because the statements could have influenced the verdict and prevented him from receiving a fair trial.
¶ 7. "[A] party who fails to make a contemporaneous objection at trial must rely on plain error to raise the issue on appeal, because it is otherwise procedurally barred." Williams v. State, 794 So.2d 181, 187 (¶ 23) (Miss.2001) (citing Foster v. State, 639 So.2d 1263, 1288-89 (Miss. 1994)). "The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice." Williams, 794 So.2d at 187 (¶ 23) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)). "[Appellate [c]]ourts [apply] the plain error rule only when it affects a defendant's substantive/fundamental rights." Williams, 794 So.2d at 187 (¶ 23) (citing Grubb v. State, 584 So.2d 786, 789 (Miss.1991)).
¶ 8. An examination of the record reflects that the prosecutor made the following remarks during his opening statement:
On November 25, 2002, last November, Reginald Sims, that man seated right there, was in jail. He was in jail on a felony charge of aggravated assault. He shot two boys, two young men. At that time, like anybody that is in the jail, he would have rather been anywhere else but in jail. However, he was lawfully in the jail, had been arrested on a felony charge of shooting two your [sic] men.[3]
*267 The record further reflects that during his closing argument, the prosecutor made the following statement:
Ladies and gentlemen, there are certain things that you've heard all your lives, that I've heard all my life, and they are catch phrases and they stick with you. And the reason that is because they are true. And a couple of them come to mind in this instance. The first one is, you can only be pregnant. You can't be a little pregnant. You can't be almost pregnant. You can't be kind of pregnant. You either are, or you are not. It is that simple. Another thing that comes to mind is that if you want to make an omelet then you've got to break some eggs. Both of those apply in this instance. Reginald Sims was in jail for shooting two young men. He was arrested and he was in jail. . . .
¶ 9. "`The test to determine if an improper comment by a prosecutor requires reversal is whether the natural and probable effect of the prosecuting attorney's argument created unjust prejudice against the accused resulting in a decision influenced by prejudice.'" Logan v. State, 773 So.2d 338, 349 (¶ 48) (Miss.2000) (quoting Dunaway v. State, 551 So.2d 162, 163 (Miss.1989)). Here, we find that there is no evidence in the record to support Sims's contention that the prosecution's statements unduly influenced the outcome of the jury's verdict. Similarly, there is no evidence that the comments prevented Sims from receiving a fair trial. Accordingly, we fail to find any infringement upon Sims's fundamental rights that would warrant a reversal of his conviction under the plain error doctrine.
¶ 10. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF ESCAPE AND SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS ON EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES RUNNING CONCURRENTLY BUT CONSECUTIVELY TO THE SENTENCE IMPOSED IN CAUSE NUMBER 030037-CR-P IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Sims was serving time for shooting two men.
[2] Sims moved for a directed verdict at the conclusion of the State's case, and the trial judge dismissed the robbery charge. Thereafter, Sims concluded his case without presenting any testimony or witnesses on his behalf.
[3] Sims argues that the prosecutor's reference to the two men as "boys" was very misleading and prejudicial because the men were actually adults. Sims, however, concedes that the prosecutor's choice of words were likely unintentional.