ISHEE, J.,
 

 for the court.
 

 ¶ 1. In March 2005, Lorenzo Tarver was indicted in a two-count indictment by the grand jury of Leflore County for (1) possession of marijuana with the intent to sell, transfer, or distribute and (2) possession of a deadly weapon by a convicted felon. Following a jury trial in June 2006, Tarver was convicted of the crime in Count I, which was possession of marijuana with intent to sell, transfer, or distribute. In addition, the sentence was enhanced pursuant to Mississippi Code Annotated sec
 
 *452
 
 tion 41-29-142 (Rev.2005) for possession of a controlled substance with the intent to sell, transfer, or distribute within 1,500 feet of a day care center. As a result, Tarver was ordered to serve a term of sixty years in the custody of the Mississippi Department of Corrections and to pay a fíne in the amount of $100,000. Aggrieved, Tarver appeals assigning the following issues for review:
 

 I. Whether the State’s closing argument deprived Tarver of a fair trial.
 

 II. Whether it was error to (1) exclude for cause jurors who expressed concern about missing evidence, (2) permit the prosecutor to talk about two tóals, and (3) strike an impaneled juror.
 

 III. Whether the gun count of the indictment should have been severed.
 

 IV. Whether Tarver’s motion for continuance was properly denied.
 

 V. Whether Tarver’s motion to suppress his criminal record was properly denied.
 

 VI. Whether the indictment was properly amended.
 

 VII. Whether Tarver received effective assistance of counsel.
 

 VIII. Whether Tarver is entitled to a new trial because of lost evidence.
 

 IX. Whether Tarver’s right to a speedy trial was denied.
 

 X. Whether Tarver’s motion for recu-sal was properly denied.
 

 XI. Whether Tarver’s sentence is excessive and constitutes cruel and unusual punishment.
 

 XII. Whether Tarver’s motion to suppress the evidence from the search warrant was properly denied.
 

 XIII. Whether Tarver received a fundamentally fair and impartial trial.
 

 ¶ 2. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. On June 18, 2004, officers from the Greenwood Police Department executed a search warrant after obtaining information from a confidential informant that there was a large amount of marijuana, money, and a gun in the house located at 506 Cypress Street, Greenwood, Mississippi. The officers searched the home and found 31.8 kilograms (69.9 pounds) of marijuana; more than $18,000 in cash; and a number of firearms, including a .40-caliber pistol. Tarver’s mother, step-father, and niece lived in the house; however, only Tarver was present at the time of the search. When it came time for the trial, the marijuana was missing from the evidence vault.
 

 DISCUSSION
 

 I. State’s Closing Argument
 

 ¶ 4. Tarver’s first complaint is that the State’s closing argument included remarks appealing to the juror’s emotions and insinuating criminal conduct by Tarver’s attorneys. Tarver alleges that the State made comments implying that Tarver’s attorneys thought people from Greenwood were ignorant, and that those comments were intended to appeal to the jury’s prejudice. Tarver also contends that the State’s comments referencing the missing marijuana were highly prejudicial and suggested that Tarver’s attorneys were responsible for the disappearance of the evidence. Tarver requests that this Court vacate his conviction based on prosecutorial misconduct and enter an order of dismissal or, in the alternative, remand this cause for a new trial.
 

 
 *453
 
 ¶ 5. It is well established that attorneys are granted wide latitude when making their closing arguments.
 
 Stubbs v. State,
 
 878 So.2d 130, 136(1117) (Miss.Ct.App.2004). The standard of review used to determine if improper remarks warrant reversal is “whether the natural and probable effect of the prosecuting attorney’s improper ai’gument created unjust prejudice against the accused resulting in a decision influenced by prejudice.”
 
 Taylor v. State,
 
 672 So.2d 1246, 1270 (Miss.1996) (citation omitted). The comments are evaluated by taking into consideration the complete context in which they were made.
 
 Sanders v. State,
 
 939 So.2d 842, 846(¶ 9) (Miss.Ct.App.2006).
 

 ¶ 6. Tarver complains that during the State’s closing argument the prosecutor implied that Tarver’s attorneys were somehow involved in the disappearance of the marijuana from the evidence vault. Specifically, Tarver believes that the following comments were improper:
 

 [By the Prosecution]: But you got a guy who admits to that kind of marijuana, has this kind of money, 18,000 dollars, knowing — we know that he’s going to have a[.]40-caliber [Beretta] [in] his house. And [the] defense lawyer talking about the missing evidence when they know good and well that that evidence was seen at a hearing where his co-attorneys were, and his investigator was, and his client was. Then all the sudden the first time it’s set for trial, it’s gone. They wanted to see the evidence vault. Shown where the vault is. Now I don’t know who showed them, but it was shown to them. The evidence vault. Now, you think this kind of stuff only happens on T.V. No. That’s for real. That’s why the FBI is investigating, and when we find out who did it — and you heard Lawrence Williams. Lawrence Williams said, may have been a police officer involved. And if it was — if it was, that police officer is going to be sitting right where that guy is sitting. And if we find out [Ali] ShamsidDeen and his cohorts down in Jackson were involved, they are going to be sitting right there.
 

 [By the Defense]: Objection. Objection.
 

 The Court: The objection is sustained.
 

 [By the Prosecution]: Ladies and gentlemen of the jury, the people come up here from Jackson, big shot lawyers, I guess, I guess thinking Greenwood, Mississippi, bunch of ignoramuses. We don’t have any sense up here. You can just talk about — I mean, how long you going to talk about the prints? They said, we didn’t do the prints. How many hours of question did you hear about it? Talking about the constitution is made for the people, the people of the United States. That’s you. That’s all of us. It’s not just for Lorenzo Tarver, a drug dealer. It’s for all the people. And when we let somebody like this sell this kind of marijuana or possess with the intent to sell, have in their possession — and if you read the instruction, doesn’t have to be actual — doesn’t have to be holding it, possession. When we find that, I hope we convict, because this is a big fish, and there is a duty that all of us have as Americans, if he wants to talk about America.
 

 ¶ 7. We will first address Tar-ver’s assertion that the prosecutor appealed to the juror’s prejudice by stating that ShamsidDeen thinks people from Greenwood are ignorant. The record shows that Tarver failed to make a contemporaneous objection to that argument at trial. Although his comments almost certainly would have constituted prosecutorial misconduct, the law is clear that there must be a timely objection, and “a party who fails to make a contemporaneous objection
 
 *454
 
 at trial must rely on plain error to raise the issue on appeal, because it is otherwise procedurally barred.”
 
 Sims v. State,
 
 919 So.2d 264, 266(¶ 7) (Miss.Ct.App.2005) (quoting
 
 Williams v. State,
 
 794 So.2d 181, 187(¶23) (Miss.2001) (overruled on other grounds)). Only when a defendant’s substantive rights are affected will the plain-error rule be applied.
 
 Dobbins v. State,
 
 766 So.2d 29, 32(¶ 5) (Miss.Ct.App.2000). “The plain-error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice.”
 
 Sims,
 
 919 So.2d at 266(¶ 7) (citation omitted). Given the facts of this case and
 
 the
 
 evidence presented at trial, we do
 
 not
 
 find that there was a manifest miscarriage of justice. This issue is without merit.
 

 ¶ 8. Next, we address Tarver’s contention that the State’s comments insinuated ci'iminal conduct by Tarver’s Jackson lawyers. The prosecutor also mentioned during his closing argument, however, that there was the possibility of the evidence being taken by a police officer. Due to the fact that the State had relied heavily on the Greenwood Police Department in building the prosecution’s case against Tarver, we also find that this comment did not affect the outcome. Although it was highly inappropriate for the prosecutor to make the disparaging comments about Tarver’s defense counsel, the fact that the State also implied that a police officer might have acted unlawfully in removing the mai'ijuana from the evidence vault partly canceled out the prejudicial effect toward the defense. Accordingly, this issue is without merit.
 

 II. Whether it teas error to (1) exclude for cause jurors who expressed concern about missing evidence, (2) permit the prosecutor to talk about two trials, and (3) strike an impaneled juror.
 

 f 9. Tarver’s second assignment of error contains three issues. We will address each one individually.
 

 A. Excluding Jurors for Cause
 

 ¶ 10. Tarver claims that the circuit court abused its discretion in excluding for cause jurors who expressed concern over the fact that the marijuana was missing from the evidence vault and would not be presented at trial. He accuses the State of questioning jurors in such a manner that attempted “to elicit a pledge to vote a certain way if a certain set of circumstances [were] shown.” The State asked the prospective jurors if there was “anybody who would say that they’re automatically going to vote not guilty because the State [would not] be able to bring in [the] big bales of marijuana[.]” Several jurors raised their hands in reply, and as a result, they were struck for cause. Tarver concedes that his defense counsel did not object to the State’s allegedly impermissible challenges for cause, and he even agreed with the State’s challenges for two of the jurors; however, Tarver maintains that his counsel’s behavior “did not relieve the trial court from denying [the] same where they are judicially prohibitive.”
 

 ¶ 11. The circuit court has “wide discretion in determining whether to excuse any prospective juror.”
 
 Stigall v. State,
 
 869 So.2d 410, 413(¶ 7) (Miss.Ct.App.2003). “The circuit judge has an absolute duty ... to see that the jury selected to try any case is fair, impartial and competent.” Id. (citation omitted). In addition, the Mississippi Supreme Court has consistently held that “a party who fails to object to the jury’s composition before it is empaneled waives any right to complain thereafter.”
 
 Thorson v. State,
 
 895 So.2d 85, 118(¶81) (Miss.2004).
 

 ¶ 12. We do not find that the circuit court abused its discretion in ex-
 
 *455
 
 eluding the jurors. The jurors at issue answered in the affirmative when asked if they would automatically vote not guilty if the marijuana was not produced at trial. Therefore, excluding those jurors was an effort by the judge to select a fair and impartial jury. Furthermore, Tarver’s counsel failed to object to the jury at the time it was selected. Accordingly, this issue is procedurally barred and without merit.
 

 B. Permitting Prosecutors to Discuss Two Trials
 

 ¶ 13. Tarver also claims that the circuit court abused its discretion by allowing the prosecutor to discuss two trials during voir dire: (1) Tarver’s trial and (2) the trial of whomever stole the missing marijuana evidence. He claims he was prejudiced by the introduction of another crime into his trial. Under Mississippi law, wide latitude is granted on voir dire to ensure that a party receives a fair trial and impartial jury.
 
 Tighe v. Crosthwait,
 
 665 So.2d 1337, 1339 (Miss.1995). However, this does not mean that counsel is free of limitations.
 
 Id.
 
 at 1340. “[T]he voir dire examination is largely a matter within the sound discretion of the trial judge.”
 
 Woodward v. State,
 
 533 So.2d 418, 425 (Miss.1988) (citation omitted).
 

 ¶ 14. We do not find that the circuit court judge abused his discretion in conducting voir dire. The prosecutor explained to the prospective jurors that the marijuana was missing and would not be presented as evidence. When he began to go into further detail, the defendant’s attorney, ShamsidDeen, objected, and the judge sustained the objection. At no time during voir dire did the prosecutor imply that Tarver was even remotely responsible for the missing marijuana. Tarver fails to provide any evidence of how he was prejudiced by the State’s comments; therefore, this issue is without merit.
 

 C. Striking an Impaneled Juror
 

 ¶ 15. Tarver further claims that the court erred in striking an impaneled juror for allegedly having contact with a spectator in violation of Rule 3.06 of the Uniform Rules of Circuit and County Court. This occurred after a witness reported that Juror 11 was seen mingling in the hallway with a spectator from the courtroom. The court replaced the juror with an alternate, and Tarver argues that this was further evidence of the bias against him.
 

 ¶ 16. Rule 3.06 prohibits jurors from “mix[ing] and mingl[ing] with the attorneys, parties, witnesses and spectators in the courtroom, corridors, or restrooms in the courthouse.” URCCC 3.06. The rule further states that “[t]he court must instruct jurors that they are to avoid all contacts with the attorneys, parties, witnesses or spectators.”
 
 Id.
 
 Although the circuit court judge failed to so instruct the jurors in this case, Tarver sets forth no evidence to show how replacing Juror 11 with the alternate juror showed bias against him or caused him to suffer prejudice. The defense counsel had accepted the alternate juror without objection when the jury was being chosen. Rule 3.06 clearly states that jurors are not to mingle with spectators; therefore, the circuit court judge was simply enforcing the rule. Accordingly, this issue is without merit.
 

 III. Severing the Gun Count of the Indictment
 

 ¶ 17. Tarver’s third assignment of eiTor is that the two counts of the indictment should have been severed. Mississippi Code Annotated section 99-7-2(1) (Rev.2007) allows two or more offenses to be charged in the same indictment with a separate count for each of
 
 *456
 
 fense and tried in a single proceeding if: “(a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.”
 

 ¶ 18. On appeal, a motion to sever is reviewed using the abuse of discretion standard.
 
 Rushing v. State,
 
 911 So.2d 526, 532(¶ 12) (Miss.2005). Courts look to three factors when determining whether a motion to sever should be granted or denied: “[1] the time period between the offenses, [2] whether the evidence proving each offense would be admissible to prove the other counts, and [3] whether the offenses are interwoven.”
 
 Id.
 
 at 534(¶ 15). There is “no authority limiting the applicability of ... the multi-count indictment statute simply because some element of the necessary proof as to one charge would be inadmissible on the other charge were it being tried separately.”
 
 Wright v. State,
 
 797 So.2d 1028, 1030(¶ 7) (Miss.Ct.App.2001). When a case contains evidence that is admissible for one purpose and inadmissible for another, “the answer is not to exclude the evidence altogether, but to admit it subject to the jury being instructed as to the limited purpose for which the information is admitted.”
 
 Id.
 
 at (¶8).
 

 ¶ 19. We find no merit in Tarver’s argument that he was prejudiced by trying the two offenses together in the same criminal proceeding. The circuit court properly instructed the jury on the limited purpose for which the evidence of Taiwer’s prior conviction was admitted. Furthermore, the jury did not find that Tarver was guilty of the second count of the indictment, in which he was charged with possession of a firearm by a convicted felon; therefore, the jury was clearly able to separate and differentiate between the two crimes. Accordingly, the circuit court did not abuse its discretion in denying Tarver’s motion to sever.
 

 TV. Motion for Continuance
 

 ¶ 20. Tarver’s fourth assignment of error is that his motion for continuance should have been granted because his attorney, ShamsidDeen, was not prepared at the commencement of trial to render effective assistance of counsel. Tarver argues that his originally retained counsel, Chokwe Lumumba, had been suspended from the practice of law, and as a result, ShamsidDeen had only stepped in to argue the pretrial motions. The circuit court denied Tarver’s motion because it had been filed only two days before trial rather than the required seven days.
 

 ¶ 21. “The decision whether to grant or deny a continuance is a matter left to the sound discretion of the trial court. Unless manifest injustice is evident from the denial of a continuance, this Court will not reverse.”
 
 Strohm v. State,
 
 845 So.2d 691, 695(¶ 8) (Miss.Ct.App.2003) (internal citatio2is omitted). The defendant bears the burden of presenting concrete facts that show how the denial of a continuance caused particular prejudice to his case.
 
 Stack v. State,
 
 860 So.2d 687, 691-92(¶ 7) (Miss.2003). When a motion for continuance is filed because an attorney has not had enough time to adequately prepare for trial, it “is subject to proof and also as to facts as they may appear from that which is known from the trial court.”
 
 McCormick v. State,
 
 802 So.2d 157, 160(¶ 13) (Miss.Ct.App.2001).
 

 ¶ 22. Tarver contends that his “motion was not filed seven days befoi’e trial in part because [ShamsidDeen] was not retained by Tarver nor paid to represent Tarver at trial.” He also complains that ShamsidDeen had only two days to prepare for trial. However, the record reveals that ShamsidDeen was granted an
 
 *457
 
 earlier motion for continuance, on which he was listed as “Attorney for Defendant,” that was filed on March 28, 2006, due to a conflict with his schedule. In addition, although the motion at issue, which Sham-sidDeen also signed as “Attorney for Defendant,” was not filed until June 12, 2006, the motion says it was “[r]espectfully submitted, this the 24th day of May, 2006.”
 

 ¶ 23. Based on the foregoing, we find that Tarver’s arguments lack merit. It was not as though ShamsidDeen had been newly hired only two days before the trial without any background knowledge of the case. To the contrary, ShamsidDeen had been acting as Tarver’s attorney for several months before the trial began. Due to the circumstances surrounding Lumumba’s suspension, it was foreseeable that Sham-sidDeen would be expected to step in as counsel, if not in March, certainly by May. This Court has upheld numerous denials of motions for continuances where the defense counsel had a limited amount of time to prepare for trial.
 
 See Stack,
 
 860 So.2d at 692(¶ 9). We see no indication that the circuit court abused its discretion in denying Tarver’s motion for continuance, and Tarver fails to demonstrate how his case was prejudiced. Therefore, this issue is without merit.
 

 V Motion to Suppress Tarver’s Criminal Record
 

 ¶ 24. Tarver’s fifth assignment of error is that the circuit court erred in denying his motion to exclude his prior criminal record, which contained a 1998 federal drug conviction. Tarver was previously charged with possession of cocaine ■with intent to distribute. He contends that because it is similar to the present charge of possession of marijuana -with intent to distribute, the prejudicial effect of its admission outweighed any probative value.
 

 ¶ 25. Pursuant to Mississippi Rule of Evidence 404(b), evidence of prior convictions may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 Swington v. State,
 
 742 So.2d 1106, 1112(¶ 15) (Miss.1999). Such evidence may not be used, however, to imply that the defendant is more likely to be guilty of the current charge.
 
 White v. State,
 
 842 So.2d 565, 673(¶ 24) (Miss.2003). The Mississippi Supreme Court has held that evidence of prior drug transactions offered to show the defendant’s intent to distribute “is not barred by M.R.E. 404 and is properly admissible if it passes muster under M.R.E. 403 and is accompanied by a proper limiting instruction.”
 
 Swington,
 
 742 So.2d at 1112(¶ 14). The purpose of Rule 403 is to ensure that the evidence offered does not present a risk of undue prejudice that would substantially outweigh the probative value if admitted.
 
 Palmer v. State,
 
 939 So.2d 792, 795(¶ 10) (Miss.2006).
 

 ¶ 26. The circuit court admitted the prior conviction after hearing oral arguments and considering the motion. The circuit court offered a limiting instruction in this case so that the jury would only consider the evidence for the purpose of establishing Tarver’s intent to sell, transfer, or distribute marijuana. We find that the prior conviction was properly admitted to show intent and was accompanied by a proper limiting instruction. This issue is without merit.
 

 VI. Amendment to the Indictment
 

 ¶ 27. Tarver’s sixth assignment of error is that the circuit court committed reversible error by allowing the State to amend the indictment to allege that the crime was committed within 1,500 feet of a day care center instead of a park. He alleges that it caused him to be prejudiced because “before the amendment of the in-
 
 *458
 
 dictmentf,] the State could not prove beyond a reasonable doubt that a park was within 1[,]500 feet from the house. After the amendment, his defense that the location was not a park was no longer available.”
 

 ¶ 28. “The purpose of an indictment is to furnish the defendants notice and a reasonable description of the charges against them.... Therefore, an indictment is only required to have a clear and concise statement of the elements of the crime the defendant is charged with.”
 
 Spicer v. State,
 
 921 So.2d 292, 319(¶ 58) (Miss.2006). It may be amended to correct defects of form, but not defects of substance.
 
 Leonard v. State,
 
 972 So.2d 24, 28(¶ 12) (Miss.Ct.App.2008). Am amendment of substance is one which “changes the charge made in the indictment to another crime.”
 
 Cridiso v. State,
 
 956 So.2d 281, 285(¶ 9) (Miss.Ct.App.2006). A permissible change in the indictment is one that “does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant’s case.”
 
 Spears v. State,
 
 942 So.2d 772, 774(¶ 6) (Miss.2006). Specifically, with regard to changing a location, Mississippi Code Annotated section 99-17-13 (Rev.2007) expressly allows for a court to amend an indictment when there “appear[s] to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the name of any county, city, town, village, division, or any other place mentioned in such indictment.”
 

 ¶ 29. We find that the indictment fulfilled its purpose of furnishing Tarver with notice and a reasonable description of the charges against him, and that it contained a clear and concise statement of the elements of the crime with which he was charged. It stated that Tarver was being charged with the crimes of possession of marijuana with the intent to sell, transfer, or distribute pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2005) and possession of a firearm by a previously convicted felon at “said location 506 Cypress Street being within one thousand five hundred (1[,]500) feet of a park, in violation of [s]ection 41-29-142(1), of the Mississippi Code of 1972.”
 

 ¶ 30. Mississippi Code Annotated section 41-29-142 enhances the sentence of any person who violates section 41-29-139(a)(1) by the following actions:
 

 possessing with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance, in or on, or within one thousand five hundred (1,500) feet of, a building or outbuilding which is all or part of a public or private elementary, vocational or secondary school, or any church, public park, ballpark, public gymnasium, youth center or movie theater[.j
 
 [1]
 

 The statute does not make any distinction between parks or schools with regard to a violation; therefore, the amendment did not change the crime with which Tarver was charged. Finally, the indictment was amended six months before the trial commenced, so the defense was given sufficient notice to prepare and adjust their defense accordingly. Based on the foregoing, we find that the indictment was properly amended.
 

 VII. Effective Assistance of Counsel
 

 ¶ 31. Tarver’s seventh assignment of error is that he received ineffec
 
 *459
 
 tive assistance of counsel. He claims that ShamsidDeen was not given enough time to prepare for trial and that this led to him committing multiple errors, such as not having seen photographic evidence that the State intended to use against Tarver, using the wrong jury list to exercise peremptory challenges, and failing to make all of the objections that Tarver asserts would have been appropriate throughout the trial.
 

 ¶ 32. On direct appeal, the record is typically not sufficient to support a claim of ineffective assistance of counsel; therefore, these claims are best brought when seeking post-conviction relief.
 
 Lyle v.
 
 State, 908 So.2d 189, 196(¶35) (Miss.Ct.App.2005) (citing
 
 Read v. State,
 
 430 So.2d 832, 837 (Miss.1983)). The proper resolution of an ineffective assistance claim made on direct appeal is to “deny relief without prejudice to the defendant’s right to assert ineffective assistance of counsel in a post-conviction relief proceeding.”
 
 Id.
 
 The merits of such a claim may be addressed on direct appeal if the reviewing court finds that the record is adequate to determine whether counsel was ineffective without consideration of the trial judge’s findings of fact.
 
 Id.
 
 at (¶ 36).
 

 ¶ 33. To establish a claim for ineffective assistance of counsel, the defendant must prove that: (1) his counsel’s performance was deficient, and (2) that deficiency prejudiced the defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A counsel’s performance will be deemed ineffective if the reviewing court finds that counsel’s conduct “so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.”
 
 Davis v. State,
 
 897 So.2d 960, 964(¶ 10) (Miss.2004).
 

 ¶ 34. Although Tarver lists a number of complaints related to ShamsidDeen’s representation, he has “not demonstrated prejudice where, as here, he has not alleged anything that would have led to a different result.”
 
 Miller v. State,
 
 914 So.2d 800, 803(¶ 11) (Miss.Ct.App.2005) (citation omitted). Based on our review of the record, we find that ShamsidDeen participated extensively in voir dire and in the direct and cross-examination of the witnesses. In addition, the record reveals multiple occasions where he did object at trial. As a result, we find that Shamsid-Deen’s representation was competent and successful to the extent that Tarver was found “not guilty” of one of the charges he faced. We hereby deny relief without prejudice to the defendant’s right to assert ineffective assistance of counsel in a post-conviction relief proceeding.
 

 VIII. Lost Evidence
 

 ¶ 35. Tarver’s eighth assignment of error is that he should be entitled to a new trial based on the fact that the evidence had been lost by the time of trial. The evidence in question included 31.8 kilograms, or 69.6 pounds, of marijuana that was allegedly confiscated from his home by law enforcement and later found to be missing from the evidence vault. Before the evidence disappeared, however, it had been tested by the Mississippi Crime Laboratory, which confirmed that the substance was, in fact, marijuana. Tarver argues that he did not have the opportunity to have it independently tested to determine its exculpatory value.
 

 ¶ 36. “[T]he State has the duty to preserve evidence, but that duty is limited to the evidence which ‘might be expected to play a significant role in the suspect’s defense.’ ”
 
 Russell v. State,
 
 849 So.2d 95, 114(¶ 58) (Miss.2003) (citation omitted). In order to determine whether a defendant is entitled to a new trial when evidence is lost or destroyed, the evidence must meet the 'following two-part test: (1)
 
 *460
 
 the evidence must have exculpatory value or nature that that was apparent before it was lost, and (2) the evidence must be of a nature that the defendant would not have the ability to obtain comparable evidence by other means.
 
 Id.
 

 ¶ 37. Tarver does not present any evidence to support his theory that the missing evidence might be of an exculpatory nature. When the police officers first arrived at Tarver’s home, he admitted that the three pounds of marijuana in his bedroom belonged to him. The officers also found a large scale under Tarver’s bed and over $18,000 in cash during their search. In addition, the garbage bags found at Tarver’s home containing the marijuana were confiscated by law enforcement and were presented into evidence at trial and still contained “marijuana residue.”
 

 ¶ 38. At trial, Adrian Hall, a forensic scientist who had been employed by the Mississippi Crime Laboratory for seven and a half years, testified as an expert witness. He informed the court that “[his] duties include[d] the analysis for the presence or absence of a controlled substance,” and that he had “performed well over four thousand different sample analys[es]” to determine whether a substance contained narcotics. Hall explained that a law enforcement officer had delivered the marijuana at issue to him on June 23, 2004. The Mississippi Crime Laboratory’s policy is that it does not accept evidence that weighs over a kilogram, but instead a core sample is taken, and the evidence is returned to the officer. The lab followed this procedure in the present case, and each of the three samples tested positively as marijuana.
 

 ¶ 39. Based on the
 
 foregoing, we
 
 find that Tarver fails to meet the first prong of the analysis in demonstrating that the evidence could have been of an exculpatory nature. Tarver does not set forth any evidence to indicate that there was an error in the crime lab’s testing. In addition, Tarver and Lumumba saw the evidence before it was stolen, when it was presented at an earlier hearing. If Tarver had desired to have the evidence independently tested before it went missing, he could have done so; however, he never made such a request. Accordingly, Tar-ver’s argument is without merit.
 

 IX. S-peedy Trial
 

 ¶ 40. Tarver’s ninth assignment of error is that his state and federal constitutional rights to a speedy trial were violated. He points out that his arrest occurred on June 18, 2004, his indictment was recorded on March 7, 2005, his arraignment was held on April 1, 2005, and his trial commenced on June 14, 2006. Tarver filed a Motion to Dismiss for Violation of Defendant’s Speedy Trial Rights on May 31, 2005. The State, on the other hand, points to the complex evidence that was presented, the lengthy fingerprint analysis, the drug analysis, and the time needed by the crime lab to support its argument that there was good cause for the delay.
 

 ¶ 41. This Court reviews a circuit court’s decision to deny a motion to dismiss for violation of a defendant’s right to a speedy trial to determine whether the delay was due to good cause.
 
 Jenkins v. State,
 
 947 So.2d 270, 275(¶8) (Miss.2006) (citing
 
 Manix v. State,
 
 895 So.2d 167, 173(¶ 7) (Miss.2005)). A finding of good cause is a question of fact; therefore, we will uphold those decisions on appeal which are based on substantial, credible evidence and will only reverse if we find the circuit court’s decision to be clearly erroneous.
 
 Walton v. State,
 
 678 So.2d 645, 648-49 (Miss.1996).
 

 A. The Statutory Right
 

 ¶ 42. Mississippi law requires that all offenses for which an indictment is
 
 *461
 
 presented shall be tried within 270 days after the accused is arraigned, unless good cause is shown and the court has entered a continuance. Miss.Code Ann. § 99-17-1 (Rev.2007). The 270-day statutory limit applies only to the length of time between the arraignment and the trial; it does not include the time between the occurrence of the crime and the indictment.
 
 Jenkins,
 
 947 So.2d at 275(¶ 9). The State bears the burden of establishing good cause for the delay since the defendant has no duty to bring himself to trial.
 
 Herring v. State,
 
 691 So.2d 948, 953 (Miss.1997).
 

 ¶ 43. Tarver was arraigned on April 1, 2005. The trial was originally scheduled for June 22, 2005; however, it was continued so that Tarver’s motions could be heard in a two-day hearing. The circuit court’s order states that the trial had been scheduled and would have taken place had it not been for “defense counsel’s failure to follow established procedures of the court and defense counsel’s unavailability,” so the trial was rescheduled for December 1, 2005. The circuit court judge then granted the defendant’s motions for continuance on November 28, 2005, and on April 6, 2006, due to defense counsel’s unavailability-
 

 ¶ 44. Accordingly, we find that Tarver’s right to a speedy trial under section 99-17-1 was not violated. Although the 439 days between the arraignment and trial did exceed the 270-day limit, we do not find this to be the fault of the State or the circuit court. Continuances were filed and granted based upon showings of good cause in compliance with the statute, and “[cjontinuances granted to the defendant toll the running of our speedy trial statute and should not be counted against the State.”
 
 State v. Magnusen,
 
 646 So.2d 1275, 1282 (Miss.1994) (citation omitted). Therefore, this issue is without merit.
 

 B. The Constitutional Right
 

 ¶ 45. The right to a speedy trial is set forth in the Sixth Amendment of the United States Constitution.
 
 Guice v. State,
 
 952 So.2d 129, 139(¶ 21) (Miss. 2007). Violation of a defendant’s constitutional right to a speedy trial is not automatic grounds for dismissal.
 
 Id.
 
 at (¶ 22). Rather, a balancing test is performed, which requires that courts approach such eases on an ad hoc basis.
 
 Id.
 
 The test is derived from the United States Supreme Court case of
 
 Barker v. Wingo,
 
 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and it evaluates four factors: (1) length of the delay, (2) reason for the delay, (3) the defendant’s assertion of his right, and (4) prejudice to the defendant.
 
 Guice,
 
 952 So.2d at 139(¶ 22) (citing
 
 Barker,
 
 407 U.S. at 530, 92 S.Ct. 2182).
 

 (1) Length of the Delay
 

 ¶ 46. If the length of time between the arrest and trial exceeds eight months, the delay is sufficient to trigger a
 
 Barker
 
 analysis.
 
 Jenkins,
 
 947 So.2d at 276(¶ 14). Only if the length of the delay is “presumptively prejudicial” to the defendant will the remaining factors be considered.
 
 Id.
 
 The constitutional right, unlike the statutory right, attaches at the time that a person is effectively accused of a crime.
 
 Id.
 
 Because twenty-four months passed from the time of Tarver’s arrest until his trial, we will continue the
 
 Barker
 
 analysis under the assumption that it was presumptively prejudicial.
 

 (2) Reason for the Delay
 

 ¶ 47. Next, the State bears the burden of proof in providing justification for the delay.
 
 Herring,
 
 691 So.2d at 955-56. The State called Lawrence Williams, a detective sergeant with the Greenwood Police Department, to testify to the cause of the delay in bringing Tarver to trial. Ser
 
 *462
 
 geant Williams pointed to the complex nature of Tarver’s case, the large quantity of evidence with which they were dealing, and the fact that Greenwood had an uncharacteristically high crime rate that summer, which required that they “pretty much had every investigator working overtime .... It was just kind of pandemonium.”
 

 ¶ 48. Williams explained the routine procedure that the State follows in preparing a case to present it to the grand jury, including the investigation process, paperwork, documentation, and crime lab results. The first grand jury meeting following Tarver’s arrest was in September 2004. At that time, the results were not back from the crime lab, and the investigation was not complete. As a result, Tarver’s case was presented to the next available grand jury, which met in January
 
 2005.
 
 The indictment was filed on March 7, 2005, and the arraignment date was April 1, 2005. As previously stated, the trial was originally scheduled for June 2005; however, it was delayed due to the defense counsel’s actions and motions for continuances.
 

 ¶ 49. Our supreme court has held that delays due to a crime lab’s backlog, overcrowded dockets, and understaffed prosecutors will not be heavily weighed against the State.
 
 See Jenkins,
 
 947 So.2d at 275-76(¶ 10);
 
 McGhee v. State,
 
 657 So.2d 799, 802 (Miss.1995). In
 
 Diddlemeyer v. State,
 
 398 So.2d 1343, 1344-45 (Miss.1981), the supreme court found that a one-year delay was not unreasonable when the appellant had not shown prejudice, and the delay was due to court congestion and the fact that a grand jury was not in session when the crime was committed. Similarly, we do not find the current delay to have been unreasonable given the circumstances in this case. This factor weighs in the State’s favor.
 

 (3) Assertion of Right
 

 ¶ 50. The State is responsible for bringing the defendant to trial in a timely manner.
 
 Magnusen,
 
 646 So.2d at 1283. “Although the defendant has neither a duty nor an obligation to bring himself to trial, points are placed on his side of the ledger when ... he has made a demand for a speedy trial.”
 
 Id.
 
 The circuit court states in its order that Tarver asserted his right to a speedy trial; therefore, this factor weighs in his favor.
 

 (4) Prejudice
 

 ¶ 51. A defendant may be prejudiced in two ways by a delay.
 
 Skaggs v. State,
 
 676 So.2d 897, 901 (Miss.1996). First, it may impair the accused’s ability to defend himself due to lost evidence, fading memories, and difficulty in locating witnesses.
 
 Id.
 
 Second, the restraints of the defendant’s liberty may cause additional suffering.
 
 Id.
 
 Tarver complains that the delay contributed to the hardships he faced in locating two of his witnesses. However, he does not provide any evidence of how those two witnesses could have affected the outcome of his case. Therefore, this factor weighs in favor of the State.
 

 If 52. After reviewing the
 
 Barker
 
 factors in light of the facts of this case and considering the totality of the circumstances, we find that the factors do not weigh in Tarver’s favor. Accordingly, we find that Tarver’s argument that he was not afforded a speedy trial is without merit.
 

 X. Motion for Recusal
 

 ¶ 53. Tarver’s tenth assignment of error is that the circuit court judge had developed biases against Tarver’s original counsel, Lumumba, and those biases had spilled over to Tarver. To support his claim, he cites instances in which Lumum-ba had been late for court and had disagreements with the prosecutor and court
 
 *463
 
 administrator, as well as motions that Tar-ver filed that were denied.
 

 ¶ 54. When reviewing a judge’s refusal to recuse, this Courts applies a manifest-error standard.
 
 Dillard’s, Inc. v. Scott,
 
 908 So.2d 93, 98(¶17) (Miss.2005). The Code of Judicial Conduct requires a judge to disqualify himself or herself when that judge’s “impartiality might be questioned by a reasonable person knowing all the circumstances ... including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party.”
 
 Id.
 
 (quoting Code of Judicial Conduct, Canon 3(E)(1)). A judge is presumed to be qualified and unbiased.
 
 Collins v. Joshi,
 
 611 So.2d 898, 901 (Miss.1992). “This presumption may only be overcome by evidence showing beyond a reasonable doubt that the judge was biased or not qualified.”
 
 Id.
 
 A judge must recuse when a reasonable person aware of all the circumstances doubts the judge’s impartiality.
 
 Id.
 

 ¶ 55. Although Tarver complains that he believes the judge was biased against Lumumba, Tarver was represented by ShamsidDeen at trial since Lumumba was suspended from the practice of law. There has been no evidence presented that suggests the circuit court judge was biased or not qualified. The motions that were denied were not based on biases against Tarver, but they were denied for reasons discussed throughout this opinion. The circuit court judge refused to recuse himself stating that he “[could] not find just cause to recuse himself.” Accordingly, we find no reason to doubt the judge’s impartiality. This issue is without merit.
 

 XI. Tarver’s Sentence
 

 ¶ 56. Tarver’s eleventh assignment of error is that the sentence and fines imposed by the circuit court are excessive and constitute cruel and unusual punishment in violation of the United States and Mississippi Constitutions. He does acknowledge, however, that they do not exceed the maximum period allowed by statute. The State believes the court was justified in imposing the maximum sentence, and it points out Tarver’s prior drug-related conviction and the fact that his sentence was enhanced for public considerations as to location.
 

 ¶ 57. “Sentencing is generally within the sound discretion of the trial judge and the trial judge’s decision will not be disturbed on appeal if the sentence is within the term provided by statute.”
 
 Bell v. State,
 
 769 So.2d 247, 251(¶ 9) (Miss.Ct.App.2000). The Mississippi Supreme Court has acknowledged that the Legislature has control of the length of sentences.
 
 Id.
 
 The Legislature has provided a wide range of sentences to allow trial judges to assign appropriate sentences using their discretion.
 
 White v. State,
 
 742 So.2d 1126, 1137(¶ 45) (Miss.1999). This Court will, however, review a sentence on Eighth Amendment grounds that is grossly disproportionate to the crime committed.
 
 Ford v. State,
 
 975 So.2d 859, 869(¶39) (Miss.2008). If a “threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross dis-proportionality,’ ” this Court will engage in the analysis provided in
 
 Solem v. Helm,
 
 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
 
 Id.
 
 (citation omitted).
 

 ¶ 58. We do not find that the sentence imposed was grossly disproportionate to the crime committed. Tarver was charged with possession of a large amount of marijuana with intent to sell or distribute within 1,500 feet of a day care center. Although he did receive the maximum possible sentence, it was within the statutory guidelines. Accordingly, we find that the circuit court did not abuse its discretion, and this issue is without merit.
 

 
 *464
 

 XII. Tarver’s Motion to Suppress the Evidence from the Search Warrant
 

 ¶ 59. Tarver’s twelfth assignment of error is that the circuit court abused its discretion in denying his motion to suppress evidence. Tarver alleges that Chris Davis, the confidential informant, provided false information to Greenwood law enforcement officials, and it was that false information upon which the search warrant was granted. Davis’s original statement was recorded and served as the basis for the search warrant; however, he later changed his stqry and informed the circuit court that his statement had been false. Tarver also complains that the circuit court erred by not informing the defense that Davis was the informant.
 

 ¶ 60. This Court will only reverse a trial court’s ruling on the admission or suppression of evidence if the trial court abused its discretion in making its decision.
 
 Culp v. State,
 
 933 So.2d 264, 274(¶ 26) (Miss.2005). On appeal, we look to determine whether there was “substantial credible evidence to support the trial court’s findings.”
 
 Id.
 
 With regard to disclosure of an informant’s identity, disclosure is not required “unless the confidential informant is to be produced at a hearing or trial or a failure to disclose his/her identity will infringe upon the constitutional rights of the accused or unless the informant was [an eyewitness] or depicts himself/herself as an eyewitness to the event or events constituting the charge” against the accused.
 
 Graves v. State,
 
 767 So.2d 1049, 1052(¶9) (Miss.Ct.App.2000).
 

 ¶ 61. Tarver filed a motion to suppress to prevent the evidence that was seized from 506 Cypress Street from being presented at trial, but the motion was denied by the circuit court. Davis alleged that an investigator with the Greenwood Police Department, Jerome McCaskill, would tell him what to say, start the tape recorder, and then stop it in order to tell Davis what to say next; however, the court rejected his story for three reasons. First, the circuit court reviewed the tape and noted that it was only stopped one time, not repeatedly as Davis contended. Second, the circuit court noted that “Davis related his information in a detailed, unbroken narrative[,]” and “it would have been impossible for Mr. Davis to remember that many facts, unless they were based on his personal knowledge.” Finally, the court stated that “the veracity of [Davis’s] statement was borne out by the seizure of drugs and guns at the address. The record is devoid of any fact which would indicate how Sgt. McCaskill could possibly have known about the drugs and guns at the residence unless he learned it from [Davis].”
 

 ¶ 62. We agree with the circuit court’s decision that Tarver’s motion to suppress evidence obtained from the search warrant should be denied. The Greenwood Police Department enlisted the use of a confidential informant in good faith. That informant had been used on previous occasions, and in this situation, Davis provided information that proved to be accurate. We find that any recanting that may have been done by Davis after he gave his original statement is irrelevant. Accordingly, this issue is without merit.
 

 XIII. Fundamentally Fair and Impartial Trial
 

 ¶ 63. Tarver’s final assignment of error is that the accumulation of the alleged errors denied him the right to a fundamentally fair and impartial trial. As a result, he claims that he should be granted a new trial. We disagree.
 

 ¶ 64. The Mississippi Supreme Court has held the following:
 

 
 *465
 
 [u]pon appellate review of cases in which we find harmless error or any error which is not specifically found to be reversible in and of itself, we shall have the discretion to determine, on a case-by-case basis, as to whether such error or errors, although not reversible when standing alone, may when considered cumulatively require reversal because of the resulting cumulative prejudicial effect.
 

 Lynch v. State,
 
 951 So.2d 549, 555-56(¶ 20) (Miss.2007). In reviewing the record, we find no evidence of any errors by the circuit court that interfered with Tarver’s right to a fundamentally fair and impartial trial. We are mindful that “a criminal defendant is not entitled to a perfect trial, only a fair trial.”
 
 Sykes v. State,
 
 895 So.2d 191, 196(¶ 22) (Miss.Ct.App.2005) (quoting
 
 McGilberry v. State,
 
 741 So.2d 894, 924 (¶ 126) (Miss.1999)). Because we find that each of Tarver’s individual complaints is without merit, we find the same to be true on this issue.
 

 ¶ 65. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO SELL, TRANSFER, OR DISTRIBUTE AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A FINE OF $100,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . Although the statute does not specifically include "day care,” this Court has previously held that the enhanced sentence also applied to a day care.
 
 See Hodges v. State,
 
 906 So.2d 23, 26(¶ 14) (Miss.Ct.App.2004).